# DECISIONS

OF THE

# SUPREME COURT OF MISSOURI.

FIRST JUDICIAL DISTRICT,

APRIL TERM, 1839.

---

## FLOURNOY v. ANDREWS.

1. Where the security in an appeal bond is a material witness for the appellant, the circuit court may order the original bond to be cancelled and permit the appellant to substitute a new bond.
2. The cancellation of the original bond and the substitution of a new one, render the security in the original bond a competent witness.
3. In order to justify the circuit court in giving an instruction, predicated on a supposed state of facts, it is not necessary that the court should be entirely satisfied of the existence of the facts upon which the instruction is founded.
4. If there be any evidence from which a jury may infer a certain state of facts, the court does not exceed its province in declaring to the jury the legal conclusions thereon.

*W. Adams*, counsel for appellant:

To reverse the judgment of the circuit court, the appellant relies upon the following points:

1. That the court erred in permitting Ross to testify.
2. That the court erred in overruling the motion for a new trial—see Butler v. Whitemore, 10 Mass. Rep. 442; Adams v. Bean, 12 Mass. Rep. 137; Moss v. Riddle & Co. 2 Cond. Rep. S. C. U. S. 277; Bowling and others v. United States, same book, 94.

*Jno. G. Miller*, counsel for appellee:

The counsel for defendant will insist upon the following points, which will meet the objections urged by plaintiff:

33

APRIL TERM,
1839.

Flournoy
v.
Andrews.

1. The court very properly permitted the defendant to file a new appeal bond, and allow the original one to be cancelled. The court did not err in admitting the testimony of Ross after the cancellation of said bond—see 2 Stark. title "Bail," p. 139; Tidd's Practice, vol. 1, p. 283; Jones v. Davis, 4 Mo. Rep.

2. The court very properly gave the instructions asked for by the defendant.

NAPTON, Judge, delivered the opinion of the court.

Flournoy sued Andrews before a justice of the peace and had judgment, from which Andrews appealed to the circuit court, with one Ross as security in his appeal bond. On the trial in the circuit court, Flournoy read in evidence the bond of Andrews, on which he had recovered before the justice, and there rested his case. The defendant (Andrews) then proved that the consideration of the bond sued on, was certain lumber furnished by plaintiff to one George C. Hartt. It was also in evidence that the defendant, before the bond was given, went to Hartt and informed him that Flournoy wanted security, and that Hartt replied, he would give none; that shortly after, without the knowledge of Hartt, plaintiff sent the bond (which was written as joint and several bonds usually are—"we, or either of us," &c., and with two seals appended,) by his clerk to the defendant for his signature, remarking that he would get Hartt to sign it, and that defendant accordingly signed it. It was also proved that plaintiff sent the bond to Hartt for his signature, and one witness stated that he understood from the conversation of the parties, that defendant was Hartt's security.

It also appears, from the bill of exceptions, that, on the trial in the circuit court, the defendant offered one William C. Ross as a witness, who admitted himself to be the individual bound in the appeal bond with defendant, and who was therefore objected to by plaintiff as incompetent. Upon the motion of the defendant, the court ordered the appeal bond to be cancelled, and a new bond, with approved security, was given, and Ross was then admitted to testify.

After the termination of the evidence, the court, at the instance of the plaintiff, instructed the jury, that the circumstance, that the consideration of the bond went to George C. Hartt, did not release the defendant from his liability on the bond. The court, also, at the instance

of the defendant, instructed the jury, that if they believed from the evidence that it was the agreement and understanding of the parties, that the defendant should only sign the bond as security for Hartt, and that Hartt did not afterwards sign it, they must find for the defendant. To which last instruction, as well as to the act of the court in ordering the appeal bond to be cancelled, the plaintiff saved his exceptions.

APRIL TERM, 1839.

Flournoy
v.
Andrews.

The errors assigned by the appellant are, first, that the court erred in admitting Ross to testify; and, second, that the court erred in giving the instruction asked by defendant.

1. That Ross was a competent witness after the cancellation of the appeal bond, there can be no doubt. The cancellation of the bond rendered him disinterested, and the only question that could arise, would be as to the power of the court to have the bond cancelled and a new one substituted. Of this the court entertains no doubt. No inconvenience can be perceived as likely to result from such a practice; but it is obviously for the furtherance of justice. The courts of England have uniformly pursued this course in relation to bail, and I know nothing in the situation of the obligor in an appeal bond to distinguish his case from that of bail—Tidd's Practice, 264; 2 Stark. on Ev. 140.

*Where the security in an appeal bond is a material witness for the appellant, the circuit court may order the original bond to be cancelled, and permit the appellant to substitute a new bond.*

*The condition of the original bond and the substitution of a new one, render the security in the original bond a competent witness.*

2. The instruction given by the court, at the instance of the defendant, is also objected to as not justified by the evidence. There is no dispute as to the correctness of the abstract proposition laid down by the court; that if it was an understanding and agreement between the obligor and obligee, that the obligor only signed as security, and the obligee failed to get the signature of the principal, the bond was void as to the security. This is well settled—10 Mass. Rep. 445; 4 Cranch, 219. Nor do I understand it to be necessary, in order to justify a court in giving an instruction, predicated on a supposed state of facts, that the court itself should be entirely satisfied of the existence of the facts upon which the instructions are founded. If there be any evidence, from which the jury may infer a certain state of facts, the court does not exceed its province in declaring as to them the legal conclusions thereon. There was certainly some evidence in this case of an understanding between the parties, that defendant was to sign only as security, and the court therefore properly gave the instruction asked for by defendant. The judgment of the court below is affirmed, Judge Tompkins concurring in this opinion.

*In order to justify the circuit court in giving an instruction, predicated on a supposed state of facts, it is not necessary that the court should be entirely satisfied of the existence of the facts upon which the instruction is founded.*

*If there be any evidence from which a jury may infer a certain state of facts, the court does not exceed its province in declaring to the jury the legal conclusion thereon.*