PEARL M. LAMMERT, Appellant, v. ROLLA WELLS, Receiver of UNITED RAILWAYS COMPANY OF ST. LOUIS.—13 S. W. (2d) 547.

Division One, February 1, 1929.

*E. H. Wayman* for appellant.

*T. E. Francis* and *W. H. Woodward* for respondent.

GANTT, J.—An action for damages in the sum of one hundred thousand dollars for personal injuries. Plaintiff claims that at about eight o'clock A. M. on November 3, 1923, she boarded, as a passenger, an eastbound Hodiamont car of the defendant at the intersection of Cabanne and Hodiamont, in the city of St. Louis; that she remained on the car until about 8:30 A. M., at which time it arrived at its usual

stopping place at the southwest corner of Seventh and Locust Streets; that when the car stopped, she attempted to alight by the front entrance, and as she was stepping from the platform of the car to the step preparatory to stepping to the street, the car gave a jerk and she was thrown, striking her head, which rendered her unconscious. At about 8:45 A. M. of the same day T. N. McLemore, a witness for the defendant, was walking north on Seventh from Olive to Locust. As he neared Locust he saw the plaintiff lying in the street at the northeast corner of the intersection. "An old lady was trying to pick her up." He and a negro man assisted in carrying her into a near-by drug store. Plaintiff was taken to the City Hospital, where she regained consciousness about noon that day.

The negligence charged in the petition was that while plaintiff was leaving the car and before she stepped therefrom to the street, the agents of the defendant carelessly and negligently moved the car, thereby causing her to be injured. The answer, after admitting the appointment of defendant as receiver, was a general denial. Trial was had before the court and a jury. Judgment was for the defendant, and the plaintiff appealed.

I.   Plaintiff assigns error in permitting the following cross-examination of Dr. Paugh by defendant:

"Q.   You are the same doctor who was the doctor in the Rosenweg case, aren't you?   (Objection.)

"Q.   Weren't you the physician in the Rosenweg case, Doctor?   A. Yes, sir.

"Q.   Mr. Wayman was the attorney in that case, too?   A. Yes, sir.

"Q.   You testified in that case?   A. Yes, sir."

The evidence tended to show the relation existing between the witness and the attorney and was for the consideration of the jury as tending to show bias and interest and thereby affecting the credibility of the witness. [Schwartz' Trial of Automobile Cases (1928) sec. 172; 5 Jones on Evidence (2 Ed.) 4604, 4613; 2 Wigmore on Evidence, secs. 948, 949.] The contention is overruled.

II.   A single instruction, consisting of four paragraphs, was given at the instance of the defendant.

(a)   The second paragraph of which is as follows:

"Now, in determining this issue, you must be guided by certain fundamental rules of law. In the first place, you are confined to the allegations made by the plaintiff, and the burden is upon her to prove those allegations by the greater weight or preponderance of the evidence—that is, by evidence which, in your judgment, outweighs other evidence and circumstances in the case."

Plaintiff insists the court was in error in placing the burden upon her, for the reason the doctrine of *res ipsa loquitur* is applicable. The negligence charged is as follows:

"While said car was stopped at said intersection for the purpose of allowing passengers to alight therefrom, plaintiff attempted to and was in the act of leaving said car at the front door thereof, and while plaintiff was so in the act of leaving said car and before plaintiff had stepped therefrom onto the street, the agents and servants of the defendant in charge of and operating said car, as aforesaid, carelessly and negligently caused and permitted said car to start."

This allegation charges specific negligence. [Stolovey v. Fleming, 8 S. W. (2d) Syl. 3, 832; Price v. Met. Street Ry. Co., 220 Mo. 435, l. c. 454, 119 S. W. 932.]

(b) The third paragraph of the instruction is as follows:

"If, after fairly viewing all of the evidence and circumstances in the case, you are unable to determine how the plaintiff was injured, if she was, *or if you are convinced that she fell not on the southwest corner, but on the northeast corner, and under circumstances in which a street car was not involved,* then, of course, the plaintiff has failed to meet the burden which the law places upon her and your verdict must be for the defendant."

Plaintiff challenges the italicized part of the above paragraph. This part of the instruction is argumentative, features the fact that the plaintiff was found on the northeast corner, and assumes the plaintiff claimed to have fallen at the southwest corner notwithstanding the record is silent as to any such claim. Thus the court makes the case turn on the place in the street where she fell. The requirement that she must have fallen "under circumstances in which a street car was not involved" does not cure the error. This requirement as connected and worded is calculated to mislead the jury and is prejudicial.

There are other criticisms of the instruction, but we regard them as without substantial merit.

For the error noted the judgment is reversed and the cause remanded. All concur.