MINNIE D. HOLLISTER v. A. S. ALOE COMPANY, a Corporation, Appellant.—156 S. W. (2d) 606.

Division Two, October 25, 1941.

Rehearing Denied, December 16, 1941.

1056

*Calvin & Kimbrell* for appellant.

*Allan R. Browne, Sam Mandell* and *Cowgill & Popham* for respondent.

TIPTON, P. J.—This case comes to the writer on reassignment. Respondent recovered a judgment of $10,000 against the appellant in the Circuit Court of Jackson County, Missouri, for personal injuries she received on January 6, 1939, as a result of a collision between an automobile in which she was riding and a truck operated by the appellant. Appellant has duly appealed from that judgment.

The appellant first contends that the trial court erred in overruling its demurrer to the evidence because no submissible case was made under the humanitarian doctrine, the only issue of neg-

ligence submitted to the jury. In determining this question we must apply the familar rule that upon demurrer to the evidence, "the whole evidence, whether offered by plaintiff or defendants, must be searched and the plaintiff given the benefit of any and all facts and circumstances favorable to or tending to support her theory of the case and every reasonable inference deducible therefrom, while evidence on the part of and favorable to the defendants, which is contradicted, must be excluded." [Gilliland v. Bondurant, 332 Mo. 881, 59 S. W. (2d) 679; Gray v. Columbia Terminals Co., 331 Mo. 73, 52 S. W. (2d) 809.]

With this rule in mind, we will therefore only state facts favorable to respondent on her theory of the case. On January 6, 1939, respondent was riding south on Holmes Street in Kansas City, Missouri, in an automobile driven by her husband, Dr. W. L. Hollister. As they approached Eighth Street, a street that runs east and west, Dr. Hollister stopped his car at a stop sign just north of Eighth Street. Holmes Street does not run straight south after Eighth Street is crossed, but there is a jog to the east. In driving across Eighth Street to continue south on Holmes, it is necessary to turn an automobile in a southeast direction. There are two street car tracks on Eighth Street. Respondent's evidence showed that on account of a building and automobiles parked east of Holmes Street on the north side of Eighth Street you could not see east on Eighth at the stop sign. After stopping at this sign, Dr. Hollister put his automobile in low gear and proceeded into Eighth Street, and as the front of the car came to the northernmost rail of the street car tracks, he stopped his car, which was facing at that time in a southeast direction. At this time, the appellant's truck was being driven west on Eighth Street at a speed of twenty-five or thirty miles per hour and was sixty feet east of the Hollister car. (One witness said the truck was one hundred feet away.) There was testimony to the effect that the driver of the truck made no effort to stop it until he was within fifteen feet of the Hollister car. The right front of the truck struck the left front of the Hollister car near the middle of the left front fender, shoving the Hollister car so that after the collision it was facing southwest. The evidence showed that there was no automobile or other obstruction between the front of the Hollister car and the south curb of Eighth Street. There was testimony on behalf of the respondent that appellant's truck traveling twenty-five or thirty miles per hour could be stopped in twenty-five to thirty feet under the conditions that then existed.

Appellant contends that the time that elapsed between the time the Hollister car stopped in Eighth Street was too short for its truck to have been stopped so as to have avoided the collision. It relies upon the following cases. [Burge v. Wabash R. Co., 244 Mo. 76, 148 S. W. 925; Degonia v. St. Louis, I. M. & S. Ry. Co., 224 Mo. 564, 123 S. W. 807; Rollison v. Wabash R. Co., 252 Mo. 525, 160 S. W.

994; Underwood v. St. Louis, I. M. & S. Ry. Co., 182 Mo. App. 252, 168 S. W. 803.] These cases deal with an accident involving railroads, while the case at bar involves an automobile. We have already ruled that the cases relied upon by the appellant would not be applicable to automobile collisions in the case of Steger v. Meehan, 63 S. W. (2d) 109, 1. c. 110, where we said:

". . . Defendants cite Rollison v. Wabash R. Co., 252 Mo. 525, 160 S. W. 994, to the effect that negligence cannot be predicated on two seconds of time. We agree that under the circumstances of that case it could not be. However, it is possible to do things to avoid running over persons with automobiles, which cannot be done with railroad trains, such as swerving aside. Moreover, while a railroad engineer is only required to use ordinary care, the driver of an automobile upon public streets has the duty to exercise the highest degree of care at all times and places to prevent injury. [Hart v. Weber (Mo. Sup.), 53 S. W. (2d) 914.] The greatly increased speed and use of automobiles and their improved brakes and other appliances has greatly speeded up traffic on our streets and highways. These things and the greater duty resting upon their drivers have also speeded up the humanitarian doctrine as applied to them. If an automobile can be driven (at 25 miles per hour) 75 feet in two seconds, surely it can be swerved 3 or 4 feet to one side in that time to avoid striking a pedestrian 2 feet from the curb. If it can be brought to a complete stop in 20 feet, surely it can be slowed down enough in much less than that distance to allow a pedestrian, in such a position, to escape it."

On authority of the Steger case, we hold that the trial court properly overruled appellant's demurrer to the evidence. The evidence shows that after the Hollister car came into a position of peril, the appellant's car could have been stopped or swerved three or four feet to the south, thereby avoiding the injury to respondent.

Appellant had testimony to the effect that the truck would travel twenty-nine feet while its driver was taking his foot off the gasoline feed and placing it on the brake pedal. The jury had a right not to believe this testimony; however, if true, under the evidence, the driver of the truck could have swerved to the south so as to prevent the collision after the peril of respondent should have been discovered. And for this reason the demurrer was properly overruled.

■ The appellant contends that respondent was injured by the sole negligence of her husband, Dr. Hollister, in stopping his car in Eighth Street. We agree with the principle of law relied on by the appellant that "a defendant sued for negligence is liable therefor only when such negligence is the direct and the proximate cause of the injury. [45 C. J. 901.] If there is an intervening act of negligence of another party, itself the efficient, direct, and proximate cause of the injury, it becomes in law the sole cause. [45 C. J. 928.]"

[General Box Co. v. Mo. Utilities Co., 331 Mo. 845, 55 S. W. (2d) 442, l. c. 448; Perkins v. Kansas City Southern Ry. Co., 329 Mo. 1190, 49 S. W. (2d) 103.] However, such are not the facts here. We have already ruled that the failure of the driver of appellant's truck to stop or swerve was the direct and proximate cause of the collision resulting in respondent's injuries. We hold that the trial court properly overruled appellant's demurrers to the evidence.

The appellant next contends that the trial court erred in giving respondent's instruction number one because, first, there was no evidence upon which to base it, and second, said instruction does not require the jury to find that the driver of appellant's truck saw, or by the exercise of the highest degree of care, could have seen the respondent in a position of imminent and inescapable peril.

As to the first point, we have already ruled that respondent made a submissible case, and therefore this assignment is without merit.

This instruction did contain this language:

". . . and that the driver of said truck knew, or by the exercise of the highest degree of care could have known, of all the above facts."

Appellant in its brief says: ". . . It is the position of the defendant that an instruction under the last chance doctrine must require a clear and explicit finding by the jury that the defendant saw, or by the exercise of the highest degree of care could have seen, the plaintiff in a position of imminent and inescapable peril in time to have avoided the injury, and that this requirement is not met by a requirement that the driver knew, or by the exercise of ordinary care could have known, of all the above facts." We think this is a frivolous point and without merit.

The next point developed in appellant's brief is that the court erred in giving instruction number three. This instruction told the jury that a corporation acted through its servants and employees; in this case it is conceded that the truck driver was acting in the scope of his employment, and "the Court instructs you that any acts or omissions, if any, on the part of said truck-driver at the time and place in question were in law the acts and omissions of the defendant company in this case."

Appellant contends that the instruction authorized the jury to consider any acts or omissions of the truck driver with reference to primary and antecedent negligence of the truck driver as acts and omissions binding up on the appellant, and therefore erroneous since the case was submitted solely upon the humanitarian doctrine. It is to be noted that the instruction does not direct a verdict and since it is a familiar rule that the instruction must be read as a whole, the jury was not misled by this instruction. The only instructions that did direct a verdict were based on the humanitarian doctrine and of course the acts or omissions referred to in this instruction were the acts and omissions under the humanitarian doctrine. There was no

error in giving this instruction, even if there was one witness who testified that when he first saw the truck it was being driven forty to forty-five miles per hour on a street that permitted a maximum speed of thirty miles per hour.

The appellant next contends that the court erred in giving instruction number five at respondent's request. That instruction is as follows:

"The Court instructs the jury as regards Instruction M that said instruction constitutes what is known as a sole cause instruction, that is, it submits issues as to whether Dr. Hollister did not obey the stop sign and whether he drove to his left of the center of the street and thereby solely caused said collision, and in this connection you are further instructed that sole cause in this case means a collision occuring without any intervening and concurring negligence whatever on the part of said truck-driver as submitted in Instruction No. 1, and if you should believe Dr. Hollister did not obey said stop sign and so drove to his left of the center of the street, or either or both, yet if you further believe from the evidence that said truck-driver was negligent in any respect whatever as submitted in said Instruction No. 1 and thereby directly contributed in any degree to said collision, then you must find the issues under said Instruction M, that is the issues of sole cause therein, in favor of plaintiff Mrs. Hollister and against the defendant company."

The first three assignments of error in giving this instruction are:

"(a) The theory or hypothesis that Dr. Hollister did not obey the stop sign and drove to the left of the center of Holmes Street was contrary to the sworn testimony of the plaintiff, who swore that he did obey the stop sign and did not drive to the left of the center of Holmes Street, her testimony upon this point constituting a judicial admission on her part and forbidding a recovery by her upon testimony contrary to her sworn testimony and judicial admission and contrary to the theory upon which he tried her cause;

"(b) It submits a theory and hypothesis of recovery by plaintiff not within the pleadings, to-wit, the theory and hypothesis of concurrent negligence of Dr. Hollister and the truck driver, there being in plaintiff's petition no allegation of negligence on the part of Dr. Hollister and no allegation that negligence on his part was the proximate cause of the accident;

"(c) It injects a false and extraneous issue into the case and was confusing, misleading and prejudicial; . . ."

The appellant produced testimony to the effect that Dr. Hollister did not stop his car at the stop sign just north of Eighth Street and he drove it on the east side of Holmes Street.

Instruction number five is a converse of instruction M given at the request of appellant. The appellant submitted these issues in the same form in instruction M and it is not in position to complain. [Evans

v. Atchison, T. & S. F. Ry. Co., 345 Mo. 147, 131 S. W. (2d) 604; Branson v. Abernathy Furniture Co., 344 Mo. 1171, 130 S. W. (2d) 562; Murphy v. Duerbeck, 19 S. W. (2d) 1040.]

 The appellant's last complaint against this instruction is as follows:

"(d) It erroneously and contrary to law advised the jury that sole cause in this case means a collision occurring without any intervening and concurring negligence whatever on the part of the truck driver, and that if the truck driver were negligent in any respect and that his negligence contributed in any degree to said collision, then the jury should find the issues with reference to sole cause under instruction M, in favor of the plaintiff and against the defendant."

If we correctly understand the appellant's contention, it is that under this instruction respondent is permitted to recover for any negligence on the part of the truck driver even though that negligence was not the direct or proximate cause of the collision.

We do not agree with appellant. Instruction five says "yet if you further believe from the evidence that said truck-driver was negligent in any respect whatever as submitted in said Instruction No. 1 *and thereby directly contributed in any degree to said collision . . . .*" (Italics ours.) Instruction number one told the jury the negligence that was necessary for him to find before they could return a verdict for respondent and that instruction told the jury that the collision must have been the "direct result of the aforesaid negligence." This was incorporated in instruction five by direct reference. Moreover, this instruction required the jury to find the negligence as defined in instruction one to be such negligence that "directly contributed" to the collision. The point is without merit.

 The appellant's last assignment is stated in its brief as follows: "The verdict of $10,000 was excessive for the reason that there was no causal connection shown between the negligence of the defendant, under the humanitarian doctrine, and the lame and atrophied condition of the plaintiff's left leg."

In other words, if there were a causal connection between the lame and atrophied condition of respondent's left leg and the injuries she received as a result of the collision between appellant's truck and the Hollister car, then the appellant does not contend the verdict is excessive.

A hypothetical question was asked Dr. Harold V. Zuber, in which the collision between the appellant's truck and the Hollister car was described, and how respondent was thrown and twisted as a result of this collision, and also included the description of the soft, flabby and atrophied condition of respondent's left leg. He answered that her injuries were directly attributable to the collision. Dr. Wilse Robinson, Jr., Dr. Clyde O. Donaldson, and Dr. Ralph E. Mueller also

stated that in their opinion the atrophied condition of respondent's left leg was caused by the violence of the collision.

It is not our providence to weigh the evidence, but we do hold that there was substantial evidence that the jury could find that the condition of respondent's leg was caused by the collision of the appellant's truck and the car in which she was riding.

Finding no reversible error in the record, the judgment of the trial court should be affirmed. It is so ordered. All concur.