STATE OF MISSOURI EX REL. KANSAS CITY PUBLIC SERVICE COMPANY, a Corporation, Relator, v. EWING C. BLAND, NICK T. CAVE and SAMUEL A. DEW, Judges of the Kansas City Court of Appeals, and EVELINE B. BILLINGSLEY (MRS. EVELINE B. BROADSTON), Party to be Adversely Affected.—No. 39209.—187 S. W. (2d) 211.

Division One, May 1, 1945.

*Charles L. Carr* and *Hogsett, Trippe, Depping & Houts* for relator.

*Trusty & Pugh* and *John W. Hudson* for respondents and Eveline B. Billingsley (Mrs. Eveline B. Broadston).

VAN OSDOL, C.—Certiorari to quash the record for alleged conflict of a decision by which the Kansas City Court of Appeals affirmed a judgment for plaintiff in an action for personal injuries

sustained in a collision between an automobile, in which plaintiff was riding as a guest, and a streetcar owned and operated by defendant. The writ was issued, the record certified, and the cause submitted herein prior to the effective date of the newly adopted Constitution of Missouri, 1945. Facts as stated by respondents may be studied in Billingsley v. Kansas City Public Service Co., Mo. App., 181 S. W. 2d 204, and the facts so stated will be quoted as necessary in the course of this opinion.

Relator contends respondents' opinion is in conflict with controlling decisions of this court in four respects, (1) in holding there was no substantial evidence that the driver of the automobile was intoxicated; (2) in overruling defendant's assignments of error (in instructions given at plaintiff's request and in the trial court's failure to submit an issue of contributory negligence) on the untenable ground that there was no substantial evidence the driver was intoxicated; (3) in holding Instructions Nos. 1 and 7 were not erroneous in submitting degrees of negligence and authorizing the recovery of plaintiff upon any degree of negligence of defendant; (4) in holding Instructions Nos. 1, 3 and 7 were not so misleading, confusing and argumentative as to be prejudicially erroneous.

(1) and (2). Instruction No. 3, given at the instance of plaintiff, submitted negligence under the humanitarian rule, authorized a verdict for plaintiff, explained the effect of concurring negligence of the driver and defendant, and concluded with a paragraph, "If you so find from the evidence in accordance with the above instruction, then in rendering your verdict under this instruction you will totally disregard the use of any liquor that night by Mr. Childers (the driver) or any other person in the automobile." And Instruction No. 7, given at the instance of plaintiff, submitted an issue of primary negligence, authorized a verdict, and explained the effect of concurring negligence of the driver and defendant; the instruction further stated, "and this would be so even if you found from the evidence that Mr. Childers was to any extent under the influence of liquor and that such was a contributing or concurring cause with such negligence, if so, of said defendant." Defendant urged it was error to so instruct the jury relating to "the use of any liquor," and relating to the evidence that the driver "was to any extent under the influence of liquor," because Instruction K submitted that plaintiff could not recover if the jury believed the collision was caused directly and solely by the negligence of the driver. Respondents' opinion discloses the ruling that no error was committed because of the inclusion of the above quoted language in the instructions, "since there was no substantial evidence tending to prove that Childers was intoxicated." (181 S. W. 2d at page 208.) We believe respondents' opinion cannot be construed as ruling the assignments of error (in including the quoted language in the instructions) had respondents

been of the view there was substantial evidence the driver was intoxicated.

Defendant had alleged plaintiff was contributorily negligent in riding in an automobile with an intoxicated driver. It was contended by defendant that Instruction No. 1 was erroneous in authorizing a verdict for plaintiff as for primary negligence without submitting the defense of contributory negligence of plaintiff in riding in an automobile with an intoxicated driver. In ruling this contention adversely to defendant, respondents stated as the bases of their ruling, ''Defendant did not submit any instruction on the question of the driver's intoxication *and* (our italics) there was no substantial evidence in the case upon which to base such an instruction.'' (181 S. W. 2d at page 208.) And, ''There was no substantial evidence tending to prove that Childers was intoxicated *and* (our italics) defendant sought no instruction on said issue.'' (181 S. W. 2d at page 209.) Relator-has cited cases which are asserted to be controlling decisions of this court upon the question of the necessity of submitting an alleged issue of contributory negligence upon which there is substantial evidence, no request for the submission of the issue being made by defendant. Respondents, it seems, made no ruling on this question inasmuch as, according to their view, there was no substantial [213] evidence tending to prove the driver was intoxicated. There could be no conflict of decision upon a question which respondents did not rule. If, as a matter of law, there was no substantial evidence the driver was intoxicated (*and* defendant having sought no submission of the issue), then, of course, respondents' ruling adverse to defendant on the assignment of error in failing to submit the alleged contributory negligence violates no controlling decision of this court. See Dorman v. East St. Louis R. Co., 335 Mo. 1082, 75 S. W. 2d 854.

It has been suggested that not only substantial evidence of the intoxication of the driver, but also proof the plaintiff could or should have known of the driver's intoxicated condition would be necessary to a submission of the alleged defense of contributory negligence in riding in an automobile with an intoxicated driver. Absence of evidence the plaintiff could or should have had such knowledge, if, indeed, the record discloses the absence of such evidence, does not appear to be a basis of respondents' decision.

So, upon the contentions of conflict (1) and (2), we will attend respondents' ruling that there was no substantial evidence of the intoxication of the driver.

''The collision occurred at about 3:30 A. M., at a point on Meyer Boulevard in Kansas City, where it is intersected by defendant's Country Club line . . . Meyer is an east-west street and the car line is a north-south line. Defendant's street car was proceeding

southward and the automobile in which plaintiff was riding was proceeding eastward at the time the collision occurred. . . . It had been raining and mist was falling.'' The driver ''was looking straight ahead as he drove, in approaching the crossing . . . ''

Defendant's motorman testified, ''. . . the speed of the street car as he entered Meyer was 20 miles; that as he passed the north sidewalk along Meyer (which is about 60 feet from the center of Meyer) he saw the automobile at a point about 250 feet west of the tracks; that he observed nothing out of the ordinary about it at that time and continued to observe it; that when the front of the street car was 15 feet out in Meyer the automobile was 150 feet west, coming at a speed of 45 to 50 miles per hour . . . ''

''. . . There was evidence to the effect that each of the persons in the automobile had had one highball some 6 hours prior to the wreck; that there were 2 bottles of whiskey in the car after the wreck, one of which was broken, apparently in the collision; that there was an odor of whiskey in the car and on Childer's breath; that ice and mixer (no alcoholic beverage) was placed on the table of plaintiff's party at Mary's Place; and that some of the party there mixed a drink out of a bottle, . . . ''

It is seen respondents have ruled there was no substantial evidence that the driver was intoxicated, although there was testimony *that the driver had one whiskey highball some six hours prior to the collision; that ice and mixer had been placed upon the table at Mary's Place, and some of the party there mixed a drink out of a bottle; that two bottles of whiskey were in the car after the wreck; that there was an odor of whiskey in the automobile and on the driver's breath; that it was nighttime and misty, and the automobile was driven approaching the streetcar line (the driver "looking straight ahead") at a rate of 45 to 50 miles per hour.* In other words, respondents have, in effect, ruled the testimony of the facts we have italicized, if believed, was not sufficient upon which the triers of the fact could have reasonably inferred the driver was intoxicated, plaintiff having ''offered positive evidence tending to prove'' that but one whiskey highball had been drunk during the night, and ''many witnesses (having) testified the driver was not intoxicated.'' (181 S. W. 2d at page 207.) Respondents also say, ''. . . there was no testimony tending to prove that Childers was, in fact, *intoxicated* in the slightest degree.'' (181 S. W. 2d at page 208.) See State v. Hatcher, 303 Mo. 13, 259 S. W. 467, as to the relevancy and effect of testimony of the odor of whiskey, of the presence of liquor in the automobile, and of the manner in which the automobile was driven. And the case of State v. Raines, 333 Mo. 538, 62 S. W. 2d 727, may be examined.

Upon certiorari on the ground of conflict of decisions, this court will not quash an opinion of a court of appeals unless that opinion

declares some general principle of law contrary to a controlling announcement of this court upon the same principle, or, on a given state of facts, makes some ruling contrary to a controlling decision of this court on equivalent or similar facts. State ex rel. Kansas City Southern R. Co. v. Shain, 340 Mo. 1195, 105 S. W. 2d 915; State ex rel. Himmelsbach v. Becker, 337 Mo. 341, 85 S. W. 2d 420; State ex rel. Metropolitan Life Ins. Co. v. Shain, 334 Mo. 385, 66 S. W. 2d 871. This court looks to the opinions of the courts of appeals for the facts of cases, and is bound by their rulings therein on questions of law, whether right or wrong, unless such rulings conflict with prior controlling decisions of this court. State ex rel. Kansas City Southern R. Co. v. Shain, supra; State ex rel. Superior Mineral Co. v. Hostetter, 337 Mo. 718, 85 S. W. 2d 743. Generally this court is bound by the conclusion of a court of appeals as to the facts of a case, and the question whether evidence was sufficient and substantial is considered one for the trial court and the court of appeals in the determination of the case on the merits, since this court, upon certiorari for conflict of decisions, is precluded from examining *de novo* the evidence of witnesses contained in the record and is limited to what is stated in the opinion. State ex rel. Sterling v. Shain, 344 Mo. 891, 129 S. W. 2d 1048. But this court may disregard a conclusion as to facts stated in the opinion, if the facts stated demand a contrary conclusion. State ex rel. Johnson v. Blair, 351 Mo. 1072, 174 S. W. 2d 851; State ex rel. Sterling v. Shain, supra; State ex rel. Kansas City Southern R. Co. v. Shain, supra.

However, it is unnecessary for us to determine if the ruling (that the testimony of the facts we have italicized was not substantial evidence the driver was intoxicated) is contrary to controlling decisions of his court on equivalent or similar facts—for it clearly appears that respondents, in holding there was no substantial evidence the driver was intoxicated and thus ruling defendant's assignments of error, have treated with the weight of the evidence as to the condition of the driver, rather than with the question of whether there was substantial evidence to support the issue. An early statement was made by this court (Flournoy v. Andrews, 5 Mo. 513) that in order for a court to be justified in giving an instruction predicated on a supposed state of facts it is not necessary that the court itself should be entirely satisfied of the existence of the facts upon which the instruction is founded; if "there be any evidence, from which the jury may (reasonably) infer a certain state of facts, the court does not exceed its province in declaring as to them the legal conclusions thereon." And the court has more recently remarked, "If the giving of instructions were contingent on an ascertainment of the *weight* of the evidence our procedural law would be thrown into confusion and judges would usurp jury functions." King v. Kansas City Life Ins. Co., 350 Mo. 75, 164 S. W. 2d 458.

Continuing to honor the jury's province to weigh the evidence, this court has held that when an appellate court examines a contention that the evidence does, or does not, support the submission of a defendant's theory or defense, the rule is that only the evidence most favorable to defendant may be considered. Rothe v. Hull, 352 Mo. 926, 180 S. W. 2d 7, and cases therein cited; Steinmetz v. Nichols, 352 Mo. 1047, 180 S. W. 2d 712. (And now, although decided subsequently to respondents' decision, examine Bootee v. Kansas City Public Service Co., 353 Mo. 716, 183 S. W. 2d 892.) Such is the rule established by the decisions of this court applicable alike to all kinds of states of facts in all cases calling for the application of the principle. In applying a different rule in the instant case the Kansas City Court of Appeals brought its decision into conflict with controlling decisions of this court and the record of respondents' decision, in so far as it applies a different rule, should be quashed.

 (3) Instruction No. 1, given at the instance of plaintiff, submitted an issue of primary negligence, and further advised the jury of the effect of the concurring negligence of the driver and defendant, in the following language,

"*If you* find from the evidence that the operator of the automobile was negligent, and so find that the defendant was negligent as submitted in this instruction, and further *find* from the evidence *that such negligence,* if so, *of the driver* of the automobile, *no matter how great, and such negligence,* if so, *of the defendant, in any degree, concurred* and directly combined and cooperated in causing the collision, it would still be your duty under the law to find in favor of Mrs. Broadston (plaintiff) under this instruction and against the defendant street car company because such concurring negligence of the driver of the automobile under such findings by you would not afford the defendant any relief or defense against such concurring negligence, if so, of its own as so submitted and so found by you. (Our italics.)

 Instruction No. 7, given at the request of the plaintiff and submitting an issue of primary negligence, further advised the jury of the effect of concurring negligence of the driver and defendant, as follows,

"If you find from the evidence that such negligence, if so, of said defendant, street car company, and negligence of the driver of the automobile, if you find he was negligent, concurred, and directly cooperated in causing the collision and injury, if any, to plaintiff, then it would still be your duty under the law to find in favor of Mrs. Broadston under this instruction and against the defendant, Kansas City Public Service Company, because *any such negligence of the driver* of the automobile, if you so find, *even if he was more negligent than the defendant, would be merely concurring negligence* with the

defendant's negligence under such finding by you, and the defendant could not make use of such concurring negligence to defeat the claim of the plaintiff . . . " (Our italics.)

Instructions which so recognize or submit a comparison, or the degrees, of negligence or of causal connection, have been criticized by this court. See Dove v. Atchison, T. & S. F. R. Co., 349 Mo. 798, 163 S. W. 2d 548; Cento v. Security Bldg. Co., Mo. Sup., 99 S. W. 2d 1; Perkins v. Kansas City Southern R. Co., 329 Mo. 1190, 49 S. W. 2d 103; Hires v. Letts Melick Grocery Co., Mo. Sup., 296 S. W. 408; Howard v. Scarritt Estate Co., 267 Mo. 398, 184 S. W. 1144; and Magrane v. St. Louis & S. R. Co., 183 Mo. 119, 81 S. W. 1158, cited by relator. The court in these cases considered instructions in which degrees of negligence or causation had been erroneously recognized in connection with the primary negligence of plaintiff, and contributory negligence of defendant. None of the cases cited were reversed because of the errors, but the trial courts' action in sustaining motions for new trial because of such error was upheld in the cases of Cento v. Security Bldg. Co., Perkins v. Kansas City Southern R. Co., Hires v. Letts Melick Grocery Co., and Howard v. Scarritt Estate Co., supra. In the case of Young v. St. Louis, I. M. & S. R. Co., 227 Mo. 307, 127 S. W. 19, cited by relator, an action upon negligence under the humanitarian rule, instructions requiring the jury to find for defendant unless the conduct of its employees was "wanton, willful and reckless" were held to have been properly refused. The objectionable italicized clauses of Instructions Nos. 1 and 7 herein were in the portions of the instructions which advised the jury of the effect of the concurring negligence of the driver and of defendant. Respondents' opinion appears not to be in conflict with the cases cited by relator, and such other cases we have studied, including Hollister v. A. S. Aloe Co., 348 Mo. 1055, 156 S. W. 2d 606 (and the more recent case, subsequent to respondents' decision, of Baker v. Kansas City Public Service Co., 353 Mo. 625, 183 S. W. 2d 873).

(4) Relator contends Instructions Nos. 1, 3 and 7 are so misleading, confusing and argumentative as to require a reversal, and the respondents' opinion that, while the instructions "may be somewhat verbose, each of them fairly submits a separate issue and we cannot say they are confusing or misleading," is contrary to controlling decisions of this court. We have compared the instructions with those considered in the cases cited by relator. The verbose, repetitious, and argumentative character of the instructions herein is somewhat comparable to that of the instructions considered in some of the cases cited by relator.

But instructions, prejudicially erroneous because confusing and misleading, given by the trial courts in the cases cited were erroneous not only in being (in some instances) verbose, repetitious or

argumentative, but in submitting an issue which the evidence did not support (Gleason v. Texas Co., Mo. Sup., 46 S. W. 2d 546); in assuming a party's claim of a fact as to which claim the record was silent (Lammert v. Wells, 321 Mo. 952, 13 S. W. 2d 547); in assuming the affirmative of a controverted issue (James v. Missouri Pac. R. Co., 107 Mo. 480, 18 S. W. 31); in singling out and giving undue emphasis to a single supporting evidentiary fact (Dawes v. Starrett, 336 Mo. 897, 82 S. W. 2d 43); in being in direct conflict with another instruction given (Stid v. Missouri Pac. R. Co., 236 Mo. 382, 139 S. W. 172); in mingling matters of primary and humanitarian negligence and failing to cover the whole stituation as to either (Freeman v. Berberich, 332 Mo. 831, 60 S. W. 2d 393); in being so disconnected as to fail to include the submission of essential issues in authorizing a verdict (Stuart v. Dickinson, 290 Mo. 516, 235 S. W. 446); in assuming the negative of a duty which was dependent on a finding upon a controverted fact (Rice v. Jefferson City Bridge & Transit Co., Mo. Sup., 216 S. W. 746). The instruction in the case of Gardner v. St. Louis Union Trust Co., Mo. Sup., 85 S. W. 2d 86, had been refused by the trial court; the instruction was misleading in commenting upon and circumscribing the effect of one portion of the evidence. Contention of conflict of decision (4) is ruled against relator.

The record of respondents' decision should be quashed in part.

It is so ordered. *Bradley* and *Dalton, CC.,* concur.

PER CURIAM:—The foregoing opinion by VAN OSDOL, C., is adopted as the opinion of the court. All the judges concur.