242 S.W.2d 536 (1951)
KUNZ
v.
MUNZLINGER.
No. 42047.
Supreme Court of Missouri, Division No. 1.
September 10, 1951.
Rehearing Denied October 8, 1951.
*537 George F. Heege, Clayton, Edmund C. Albrecht, Jr., St. Louis, for appellant.
Orville Richardson, John H. Haley, Jr., and Thomas R. McGinnis, all of St. Louis, for respondent.
LOZIER, Commissioner.
Respondent Kunz sued appellant Munzlinger for $15,000 for the wrongful death of his wife. Munzlinger counterclaimed. Kunz had a verdict for $10,000 on his petition and against Munzlinger on the counterclaim. Munzlinger appealed. He assigns error in admission of evidence, in multiplicity of instructions, and in Instruction No. 6.
Determination of these issues requires only a brief statement of the facts. The action arose out of a collision between Kunz's and Munzlinger's cars at the intersection of Ballas and Dougherty Ferry Roads in St. Louis County, on May 20, 1949. Kunz was driving west on Dougherty Ferry, accompanied by his wife and three children. Munzlinger was driving north on Ballas, accompanied by his wife and daughter and Mr. and Mrs. Reed. About 5 feet west of the Ballas centerline, the right front side of Munzlinger's car struck the left front side of Kunz's car. Mrs. Kunz was fatally injured. Other facts are hereinafter mentioned.
Kunz's petition, filed on August 5, 1949, pleaded primary and humanitarian negligence. Munzlinger filed a general denial on October 4, 1949. The case was set for trial on February 6, 1950. On January 31, 1950, Munzlinger filed an amended answer and counterclaim. In his answer, after denying generally, he pleaded contributory negligence. In his counterclaim, he pleaded primary negligence, and asked $15,000 for damages to his car, his own hospital and medical expenses and those of his wife and daughter and loss of the services of the latter two.
Munzlinger's first assignment is that Kunz's counsel was permitted to ask two lay witnesses "legal questions that call for *538 legal answers." In his counterclaim Munzlinger set out, and both he and his wife testified to, the personal injuries sustained by his wife and daughter, and the resulting medical costs. Mrs. Munzlinger also testified that she had a claim against Kunz in which her husband's counsel also represented her. Upon cross-examination, she was asked whether she believed that her own claim was included in Munzlinger's counterclaim and if she expected to recover upon her claim "in this particular suit." She replied, "Yes, I suppose so. I don't know."
The trial court correctly ruled: "It touches her interest in this suit to ask her if she expects an allowance in this suit. The plaintiff's attorney is * * * asking her if she expected to recover her damages in this suit. Whether it could be or not is of no concern. It is what her interest is." The interest of a witness, party or otherwise, may be shown as affecting his credibility. Sec. 491.010, Mo. RS 1949, Sec. 1887, Mo. RSA. "The interest of a witness with respect to the issue on trial is never irrelevant". Arnold v. Alton R. Co., 348 Mo. 516, 154 S.W.2d 58, 62. "Considerable latitude is permissible on cross-examination in probing a witness as to his interest or bias, but the extent to which such examination may go rests largely in the discretion of the court." Holden v. Berberich, 351 Mo. 995, 174 S.W.2d 791, 793, 149 A.L.R. 929.
Mrs. Munzlinger was asked if she believed her own claim was being tried. As the trial court observed, whether Mrs. Munzlinger's claim was actually being tried was not material. But her admission that she "supposed" it was in issue was of significance. The jury was entitled to weigh her testimony in the light of that admission. See Riner v. Rick, Mo.App., 57 S.W.2d 724, and Golden v. Onerem, Mo.App., 123 S.W. 2d 617, involving cross-examination of passenger witnesses having claims arising out of the same collision. See also Joice v. Missouri-Kansas-Texas R. Co., 354 Mo. 439, 189 S.W.2d 568, 161 A.L.R. 383; and Breitschaft v. Wyatt, Mo.App., 167 S.W.2d 931.
Munzlinger's counterclaim included specific amounts for his wife's and daughter's hospital and medical bills to trial time, such bills thereafter and past and future loss of their services. After he had testified as to the 6 or 7 year old child's injuries and medical treatment, Kunz's counsel was permitted to ask him what he meant by "having lost the services of his daughter * * * as stated in the paper your lawyer prepared and filed," meaning the counterclaim. The reply was, "That is something I can't answer."
Of course, Munzlinger's understanding of "loss of services" was of no consequence, was not an issue and was wholly immaterial. However, like the trial judge, we cannot see wherein the error was prejudicial or in any way could have inflamed the jury against him. He replied that he didn't know what "loss of services" meant, and there were no more questions as to his understanding of the phrase. That his claim for loss of services was first made in his counterclaim, filed six days before trial day, was in evidence. He later submitted other evidence as to his daughter's injuries and medical expenses, including the testimony of her doctors. The child was present in court, sat on her mother's lap while Mrs. Munzlinger was testifying, and was referred to by the doctors. Kunz offered no evidence on the issue. Munzlinger's instruction on damages under his counterclaim included "whatever loss of services the defendant has sustained because of the injuries of his said daughter" as well as her past and future medical bills. And one of Kunz's instructions excluded from recovery under the counterclaim the child's personal claim.
"It is generally true that `the admission in evidence of facts entirely immaterial to the issues and without probative force cannot constitute prejudicial or reversible error,' especially when the facts evidenced are of such character that they do not have a natural tendency to inflame or arouse hostile passions and their prejudicial effect is not otherwise made to appear." Hungate v. Hudson, 353 Mo. 944, 185 S.W.2d 646, 648, 157 A.L.R. 598. In *539 the cases cited by Munzlinger, the cross examination inquiries either called for inadmissible testimony upon material issues or related to highly prejudicial immaterial matters. That is not the situation here.
Munzlinger next complains of the multiplicity of instructions. "Assuming," he says, "every instruction in the case correctly stated the law, it is submitted that their length and number alone brought about error by misleading and confusing the jury."
We cannot see how the jury could have been misled by the number of instructions. There were fourteen instructions. Two (credibility of witnesses and nine man verdict) were the court's. Of Kunz's seven, one defined Munzlinger's degree of care; one submitted primary negligence, and another, humanitarian negligence; one placed upon Munzlinger the burden of proof as to contributory negligence and stated the effect of such negligence upon Kunz's primary and humanitarian cases, respectively; and one was his measure of damages. Kunz's No. 6, hereinafter discussed, arose out of Munzlinger's sole cause instruction. Kunz's No. 11 confined recovery upon the counterclaim to Munzlinger's own claims, excluding those of his wife and daughter.
Five instructions were Munzlinger's. No. 2 defined Kunz's degree of care. No. 5 submitted Kunz's negligence as sole cause. No. 7 submitted Kunz's primary negligence. No. 8 defined Kunz's burden of proof. No. 10 was the measure of damages under the counterclaim.
It is obvious that there was no multiplicity of instructions. Each was confined to a single matter. Most were concise and short. Others (three on each side), of necessity, were long. None were verbose, repetitious or argumentative. Considering the issues made by the pleadings and the evidence, the instructions fairly submitted each party's case. See Mavrakos v. Mavrakos Candy Co., 359 Mo. 649, 223 S.W.2d 383. This assignment is ruled against Munzlinger.
Munzlinger next challenges Kunz's Instruction No. 6 as being erroneous in two particulars. He asserts that the instruction improperly shifted the burden of proof on his counterclaim and that it submitted general negligence.
As No. 6 referred to Munzlinger's No. 5 and Kunz's No. 4, we mention these first. No. 5 was the converse of No. 4. See Janssens v. Thompson, 360 Mo. 351, 228 S. W.2d 743. It authorized a verdict in favor of Munzlinger and against Kunz if either Kunz's dangerous speed or failure to keep a lookout was the sole cause of the collision without any negligence upon Munzlinger's part. No. 4, Kunz's humanitarian submission, was based upon either failure to stop or to warn. It authorized a verdict upon both the petition and the counterclaim, upon a finding that negligence "in either or both of the two respects submitted in this instruction directly caused or contributed to cause said collision," even though Kunz was contributorily negligent.
Instruction No. 6 was: "You are instructed that Instruction No. 5 just read to you is what is known as a `sole cause' instruction. By that is meant that the negligence, if any, therein submitted by the defendant against the plaintiff would have to be, if found by you, the sole and exclusive cause of the collision before defendant would be entitled to a verdict thereunder. On the other hand, if you find that the defendant was negligent, if so, in any respect submitted in Instruction No. 4 and in any manner whatsoever contributing in any degree, no matter how small, to cause the collision, then you are instructed that your verdict must be in favor of the plaintiff and against the defendant not only on plaintiff's own cause of action for the death of his wife, but also on the defendant's counterclaim."
Munzlinger first contends that the jury might read No. 6 as requiring him to prove "he was not negligent, not only in any respect submitted in Instruction No. 4 * * * before he could prevail, not only on his counterclaim but also before he could prevail, against the plaintiff's case against him." Munzlinger's No. 8 clearly placed upon Kunz the burden of proving his case. No. 6 did not change that burden. In Kunz's No. 4, this burden as to Munzlinger's humanitarian negligence was upon Kunz. There is nothing in No. 6 requiring Munzlinger *540 to disprove such negligence. (Without so ruling, we observe that Munzlinger himself may have assumed the burden as to the humanitarian negligence charged in No. 4 when, in his sole cause instruction, he required a finding that the collision was "without any negligence on the part of the defendant, Richard Munzlinger." See Ramel v. Kansas City Public Service Co., Mo.App., 187 S.W.2d 492. And see Davis v. Kansas City Public Service Co., Mo.Sup., 233 S.W.2d 679, 681, a res ipsa loquitur case, wherein plaintiff's "counter burden of proof" instruction was said to leave upon him the burden of the positive or affirmative of his "not due to negligence of the defendant" submission in another instruction.)
Both No. 6 and No. 4 (of which Munzlinger does not complain), authorized a verdict for Kunz upon both the petition and the counterclaim. And properly so. A finding of humanitarian negligence on Kunz's claim was necessarily a finding of Munzlinger's own contributory negligence on his counterclaim. Munzlinger submitted his case upon that theory. For example, his No. 10 (measure of damages under the counterclaim) asked a verdict "if you find the issues in favor of the defendant on the plaintiff's cause of action and in favor of the defendant on the defendant's counterclaim." We have heretofore mentioned that Munzlinger's submission in his No. 5 was "without any negligence" on his part.
All the instructions, read together, left upon Kunz the burden of proving both Munzlinger's humanitarian negligence as to the petition and Munzlinger's contributory negligence as to the counterclaim. Other than that which he may have assumed in his sole cause instruction, no burden of disproving his own negligence was shifted to Munzlinger, and the jury could not possibly have thought that it had been. Adams v. City of St. Joseph, 360 Mo. 806, 230 S.W.2d 862.
None of the cases cited by Munzlinger involved burden of proof under instructions submitting either humanitarian negligence or a counterclaim. In Szuch v. Ni Sun Lines, 332 Mo. 469, 58 S.W.2d 471; Kenney v. Hoerr, 324 Mo. 368, 23 S.W.2d 96, and Tappmeyer v. Ryckoff, Mo.App., 45 S.W.2d 890, 891, defendant's instruction placed upon plaintiff the burden of establishing "the facts necessary to a verdict in her favor under these instructions." This, it was held, required plaintiff to disprove contributory negligence, defendant's pleaded defense. See also Voyles v. Columbia Terminals Co., Mo.App., 239 S.W.2d 559. In the instant case, language similar to that quoted does not appear in any of the instructions. In Rothweiler v. St. Louis Public Service Co., Mo.Sup., 234 S.W.2d 552, 555, involving two defendants, plaintiff's instruction expressly told the jury that "before you can render a verdict in favor of any one defendant, you must find and believe from the evidence that said defendant was not negligent". Here, no instruction required Munzlinger to disprove his own negligence.
Munzlinger next contends: Conceding that the portion of No. 6 relating to his negligence "in any respect submitted in Instruction No. 4" was proper, the instruction "misled the jury by giving them a roving commission to find any negligence whatsoever on the part of defendant and failed to limit the negligence therein to the specific acts of negligence pleaded in the petition." He argues that the phrases "in any manner whatsoever" and "in any degree, no matter how small," were confusing to the jury and "invited them to speculate and conjecture as to any possible negligence on the defendant's part. In effect, the instruction gave the jury a roving commission to find general negligence of any nature whatsoever."
We neither so read, nor believe that the jury would so read, the instruction. "And in any manner whatsoever" referred to the specific negligence submitted in No. 4. Thus confined to the specific negligence of failure to stop or to warn, the jury was not invited to speculate and conjecture as to any possible negligence. Contrast Morris v. Seitrich, Mo.App., 118 S.W.2d 46, where the disjunctive "or" was held not to limit the jury's consideration to the negligence specified in the humanitarian instruction. Also, contrast Pulse v. Jones, Mo.Sup., 218 S.W.2d 553, 556, wherein the only negligence submitted was failure to *541 exercise "in any way" the highest degree of care.
Munzlinger's cases are distinguishable. In Crone v. United Rys. Co. of St. Louis, Mo.Sup., 236 S.W. 654; Muser v. Kansas City, Mo.App., 249 S.W. 681, and Malone v. Kansas City Rys. Co., Mo.App., 232 S.W. 782, the submitted negligent acts or omissions had not been pleaded. In Schroeder v. St. Louis Transit Co., 111 Mo.App. 67, 85 S.W. 968, there was no evidence of the negligent act or omission submitted. In Snelling v. Triplett, Mo.App., 171 S.W.2d 739, and Morris v. Seitrich, supra, general negligence was submitted instead of the specific negligence both pleaded and in evidence. In Schaff v. Nelson, Mo.App., 285 S.W. 1036, general negligence was disjunctively submitted with specific negligence. In Munoz v. American Car & Foundry Co., 220 Mo.App. 902, 296 S.W. 228, the instruction failed to hypothesize facts constituting the negligence pleaded.
Nor can we sustain the objection which Munzlinger here makes to "in any degree, no matter how small." "In any degree whatever" was in the instruction approved in Baker v. Kansas City Public Service Co., 353 Mo. 625, 183 S.W.2d 873, 875; Farmer v. Kansas City Public Service Co., Mo.App., 186 S.W.2d 766; and Ramel v. Kansas City Public Service Co., supra. In the latter case, the phrase was said not to involve degrees of negligence. The instructions approved in the following cases contained "in any degree." Lankford v. Thompson, 354 Mo. 220, 189 S.W.2d 217; State ex rel. Kansas City Public Service Co. v. Bland, 353 Mo. 1234, 187 S.W.2d 211, and Hollister v. A. S. Aloe Co., 348 Mo. 1055, 156 S.W. 2d 606. In Dove v. Atchison, T. & S. F. Ry. Co., 349 Mo. 798, 163 S.W.2d 548, 552, "in any degree" was part of a clause said to be not "technically incorrect" when considered in connection with other instructions, "the definitions given and the facts submitted."
Our ruling upon Munzlinger's challenges to No. 6 (and our approval of this instruction is limited to ruling the two objections which he here makes to No. 6) is that this instruction was not prejudicially erroneous in the instant case.
It follows that the judgment should be affirmed. However, in the hope that they may be helpful to trial judges and the bar, we venture some obiter observations.
The opinions in Pulse v. Jones, and Dove v. Atchison, T. & S. F. Ry. Co., supra, suggest that, in a proper case, submission of negligence "in any manner" or "no matter how small" may be held prejudicially erroneous. Further references to the negligent acts or omissions hypothesized, either in an instruction itself or in referred to instructions, are unnecessary. Any such references submitting negligent acts or omissions other than those pleaded and in evidence are prejudicially erroneous. Such an erroneous submission could result solely from the way in which "in any manner" is used in the reference clause.
Nor is there necessity for the use of "in any degree." We have heretofore criticised instructions submitting, or appearing to submit, degrees of care. Dove v. Atchison, T. & S. F. Ry. Co. and Ramel v. Kansas City Public Service Co., supra. See also State ex rel. Kansas City Public Service Co. v. Bland, supra.
Reference to negligent acts or omissions, "no matter how small," is subject to the same criticism we have made of reference to such acts or omissions "no matter how great." The phrase serves "no useful or fair purpose". Rothweiler v. St. Louis Public Service Co., supra. And see our comment regarding "other objectionable clauses" in an instruction which referred to negligence, "no matter how great or how little," in Schneider v. St. Louis Public Service Co., Mo.Sup., 238 S.W.2d 350, 353. "The term, `even the slightest neglect or negligence,' should also be avoided in an instruction." Magrane v. St. Louis & S. Ry. Co., 183 Mo. 119, 81 S.W. 1158, 1159. See Howard v. Scarritt Estate Co., 267 Mo. 398, 184 S.W. 1144, 1145 ("in the least degree").
In any event, neither of the phrases we criticise makes for instant clarity. Their omission obviates even a first impression that any negligent acts or omissions other than those hypothesized are intended. The suggestion in Dove v. Atchison, T. & S. F. *542 Ry. Co., supra, as to reference in instructions to degrees of negligence, is applicable to "in any manner," and all such references "would better be omitted * * * because of the possibility of confusion or misunderstanding". (Our italics.)
These phrases may be "technically correct" to counsel who prepare instructions, to the trial judge who gives them after hearing the objections of opposing counsel and to the appellate court which analyzes them after studying the record and the other instructions. But, unquestionably, their presence in an instruction hypothesizing, or referring to instructions hypothesizing, negligent acts or omissions make the instruction less quickly readable and understandable by the jury.
The judgment is affirmed.
VAN OSDOL, C., concurs.
COIL, C., doubtful.
PER CURIAM.
The foregoing opinion by LOZIER, C., is adopted as the opinion of the court.
All concur.