FRANK HOWARD et ux. v. SCARRITT ESTATE COMPANY, Appellant.

Division Two, March 31, 1916.

1. **NEGLIGENCE: Injury to Child: Care of Parents: Instruction.** In an action by parents for the negligent killing of their child of tender years while riding in the passenger elevator of defendant's office building, an instruction which told the jury that if the failure of either of the child's parents to guard and look after him "contributed in the least degree" to the happening of the "accident" to the child, the finding should be for defendant, was erroneous. Contributory negligence sufficient to prevent recovery must be negligence that entered into and formed the direct, producing and efficient cause of the casualty. Besides, the instruction should not place the burden of guarding the child upon both parents at the same instant.

2. ————: **Customary Method of Operating Elevator: Instruction.** Where the effect of closing the sliding doors of a passenger elevator with one hand while the operator threw the speed lever with the other was that the accelerated car was six or eight feet above the floor before the doors became closely shut, and plaintiff's child, a passenger thereon, fell through and was killed, an instruction which tells the jury that if they believe from the evidence that the elevator doors were at the time operated "in the usual and customary way that this and other similar elevators and doors in this and other buildings were operated" the defendant was not negligent in the operation thereof, was erroneous. The apparatus is not so intricate as to require expert exposition, or an instruction based thereon.

Appeal from Jackson Circuit Court.—*Hon. T. J. Seehorn,* Judge.

AFFIRMED AND REMANDED.

*Boyle & Howell, Joseph S. Brooks* and *George L. Boyle* for appellant.

(1) Instructions 7 to 13, inclusive, given on behalf of the defendant, and Instruction 5 for plaintiff, as modified, properly declared the law applicable to the case and it was error on the part of the court to grant

a new trial on account of error in the instructions.
Minnier v. Railroad, 167 Mo. 120; Spencer v. Bruner,
126 Mo. App. 102; Brunke v. Tel. Co., 115 Mo. App.
39. (2) Under the law and evidence in the case the
verdict of the jury was properly returned for the de-
fendant and the verdict of the jury should not have
been set aside.

*Ellis, Cook & Barnett* for respondents.

(1) The court erred in giving defendant's instruc-
tion 10, making failure to use the least degree of care
contributory negligence precluding recovery. Oates v.
Met. St. Ry. Co., 168 Mo. 535; Moore v. Railroad, 126
Mo. 265; Whalen v. Railroad, 60 Mo. 323; Kennayde v.
Railroad, 45 Mo. 255; Klockenbrink v. Railroad, 172
Mo. 688; Hof v. Transit Co., 213 Mo. 468. (2) The
court erred in giving defendant's instruction 9, justify-
ing gross carelessness by custom. Hughes v. Railroad,
127 Mo. 447; Peterson v. Met. St. Ry. Co., 211 Mo. 498;
Penney v. Stock Yards Co., 212 Mo. 309; Lee v. Knapp,
55 Mo. App. 390; Reichla v. Gruensfelder, 52 Mo. App.
43.

FARIS, P. J.—Plaintiffs, who are husband and
wife, sued the defendant, a corporation, engaged in
Kansas City in operating an office building, for the al-
leged negligent killing of their infant son in a passen-
ger elevator in said building. Upon trial the jury
found for defendant, whereupon the court granted
plaintiffs a new trial, and defendant appealed. The
amount sued for being $10,000 and within our jurisdic-
tion, the case is here.

This is the second appeal in this case. Heretofore
it was tried and plaintiffs had judgment for $5000.
Thereon an appeal was taken to the Kansas City Court
of Appeals; wherein for errors, the case was reversed
and remanded. [Howard v. Scarritt Estate Co., 161
Mo. App. 552.]

The facts upon the instant appeal, so far as they are pertinent, do not so greatly differ from those shown upon the first trial and set out in the report of this case in Howard v. Scarritt Estate Co., supra, as to make it necessary to again use space in reciting them. They have been published once and the curious may read them in the book cited above.

Upon the instant trial the testimony tended to show that the operator of the elevator in question had given the two sliding doors (which closed the entrance to the elevator shaft) a shove with one hand while he threw the starting lever over with the other. The starting apparatus was equipped with five electrical contact points, the office of which was to start the car with different degrees of rapidity, increasing till the last point of contact was reached, which gave a very rapid movement to the car. The effect of such contemporaneous closing of the sliding doors and throwing on of the speeds, so rapidly accelerated the car as that it was always some six or eight feet above the floor before the doors had time to become closely shut. There was some testimony offered by plaintiffs from the operator of the elevator in question, as well as from other witnesses engaged in operating elevators in the same building and in similar buildings, that the method thus pursued in closing the doors in question in the instant case and in contemporaneously starting the elevator cage, was the usual and customary way of so operating these appliances.

Upon the trial an instruction was offered by defendant and given by the court upon this phase of the case. This instruction will be found set out at length in the opinion herein in connection with the discussion of its alleged incorrectness. The court also upon the trial of the case gave an instruction upon the theory of the alleged contributory negligence of plaintiffs herein in failing to properly guard the child while he

was riding in the elevator and just before he fell through and was killed. ·This instruction will also be found in the opinion, and so we need not set it forth here.

I. The new trial herein was granted "on account of error in instructions." Of this error, or errors, no further and more definite specifications are furnished us. Counsel for appellant broadly urge that instructions seven to thirteen inclusive, given for defendant, are each the law, citing us as proof of the faith which is in them to the case of Minnier v. Railroad, 167 Mo. l. c. 120; and to two cases in the Courts of Appeals, Spencer v. Bruner, 126 Mo. App. l. c. 102, and Brunke v. Telephone Co., 115 Mo. App. l. c. 39.

Contributory Negligence of Parents.

These cases are not in our view authority sufficient to sustain all seven of the instructions complained of; some one or more of which must have been held in mind by the court below.

Among others the court *nisi* gave for the defendant this instruction, numbered ten in the record, to-wit:

"The court instructs the jury that inasmuch as the son of plaintiffs was a child of tender years, it was their duty at all times to guard and look after him, and that it was the duty of the parents to take care for their child in proportion to the dangers of his surroundings, and if you believe from the evidence that plaintiffs or either of them failed to watch and care for their child in manner and form as defined by these instructions, in the elevator in question, and that such failure on the part of the parents, or either of them, contributed in the least degree to cause the accident to their child, then plaintiffs cannot recover in this suit and it is your duty to return a verdict for defendant."

We think it is evident from a mere casual reading that the above instruction is erroneous and that the

267 Mo. 26

giving of it alone was a sufficient warrant for the action of the learned court in setting aside the verdict for defendant. For it will be seen that the jury are advised by this instruction that if the failure of either of the parents of the dead child to guard him and look after him "contributed in the least degree" to the happening of the "accident" to the child, then the finding should be for defendant.

It is not the law that *the least negligence of him who is hurt* will excuse an otherwise guilty tortfeasor for his negligent act. [Moore v. Railroad, 126 Mo. l. c. 277; Oates v. Railroad, 168 Mo. l. c. 548.] It is plain (and it has so been ruled) that to hold otherwise would be to hold that there exists in this State the doctrine of comparative negligence; a doctrine which has been, when sought to be invoked, always expressly repudiated. [Hurt v. Railroad, 94 Mo. l. c. 264; Oates v. Railroad, supra.] The rule as to the quantum of contributory negligence which is sufficient to prevent recovery is that it must be such as to enter into and form the direct, producing and efficient cause of the casualty, and absent which the casualty would not have happened.

The unfortunate facts of this casualty present a peculiarly difficult case in which to apply the doctrine of contributory negligence. The circumscribed area in which the child and his parents were confined and the closeness of the child to the door opening, were such that a mere step may have caused his fall and death. We think, however, that defendant was entitled to have this issue presented to the jury by a proper instruction; we are convinced that the instruction given was improper.

In addition to the error above pointed out this instruction put upon plaintiffs too great a burden of care. It might well be proper to leave to the jury the question of the care of one parent, but to say to the

jury,.as this instruction in effect does, that unless both parents were guarding the child no recovery could be had, was in a practical sense to instruct the jury to find for defendant. If *both parents* were negligent in performing the duty of guarding the child then no recovery should be had; but one parent at a time ought to be all the guard a four-year-old child needs in order to ride safely in a passenger elevator.

II. While it necessarily results that this case must for the error noted above be affirmed and remanded for the new trial properly granted by the learned trial court, it may be well to say that in our opinion instruc-, tion nine was likewise erroneous. This instruction reads thus:

"The court instructs the jury that if you believe from the evidence the elevator doors to the elevator shaft were operated at the time in question in the usual and customary way that this and other similar elevators and doors in this and other buildings Customary are operated, then you should not find that Method of Operating defendant was negligent at the time in ques- Elevator. tion in the operation thereof, and your verdict should be in favor of defendant."

If the matter of time and manner of closing a door to an elevator shaft were a peculiarly intricate one, which, by reason of its abstruseness, the populace, lacking scientific knowledge, are unable to grasp and know and understand, then evidence of experts as to the safeness or unsafeness of a given method of operation might be permissible, and an instruction based on such testimony be allowable. But no such case is presented. Rather is this a case analogous in all substantial respects as to this feature to that of Hughes v. Railroad, 127 Mo. 447, wherein it was said at page 454:

"The giving of the instruction would amount to the assertion that a custom, however dangerous to human life it might be, had it been pursued for a period

of eight months by defendant without injury to any one up to the date of the injury complained of, might be interposed as a defense, by the party exercising it, from the consequences of its dangerous continuance. The duty enjoined upon defendant to exercise care, caution and vigilance is not dependent upon the fact that on some former occasion a like injury had happened at this exact place and under similar circumstances and conditions. The act itself was dangerous. The consequences of it could have been reasonably foreseen, and injuries from it reasonably been avoided only by the exercise of the greatest care on part of defendant to warn all persons on its platform to be on the lookout.''

Conceding that a rule similar to that stated in the above instruction exists in matters demanding expert exposition, and likewise as to the duty of the master to furnish only customarily used appliances, and not the very best and newest and most improved appliances to an employee, we yet do not think it can apply in a case like this. [Reichla v. Gruensfelder, 52 Mo. App. 43; Peterson v. Railroad, 211 Mo. 498; Penney v. Stock Yards Co., 212 Mo. 309.]

The question of the degree of duty, if any, which defendant owed to plaintiffs upon the facts, is not raised here by appellant, and while respondent tacitly calls it to our attention, we are not for that called on to discuss it. But pass it, saying simply that it is not before us upon the record. If it was ever in the case it has been waived in this review.

It results from what is said that the action of the learned trial court in granting a new trial was correct and that the case should be affirmed and remanded for the new trial properly ordered by the court *nisi*. Let this be done. All concur.