## GUY ALYEA, Respondent, v. JUNGE BAKING COMPANY, Appellant.

Springfield Court of Appeals. May 3, 1921.

1. **NEGLIGENCE: Contributory Negligence Must be Efficient Cause to Prevent Recovery.** For an injured person's negligence to defeat recovery, such negligence must enter into, and form the direct producing and efficient cause, of the casualty, without which the casualty would not have happened.

2. ————: **Contributory Negligence for the Jury.** The negligence of one suing for personal injuries is a question for the jury, unless the court can say as a matter of law that no reasonably prudent man would have done as plaintiff did.

3. **MUNICIPAL CORPORATIONS: Evidence Held to Make Question for Jury as to Contributory Negligence.** In an action for personal injuries and damages to plaintiff's wagon caused by defendant's truck backing against it at the intersection of two streets, evidence *held* to make a question for the jury as to plaintiff's freedom from negligence.

4. **DAMAGES: Evidence that Plaintiff Could not Perform Jobs for Which he Had Contracts Admissible.** In an action for personal injuries, evidence that plaintiff had two jobs contracted for at specified prices, and by reason of his injury was not able to do the work, was admissible, it involving no question of loss of profits as profits are ordinarily spoken of.

5. ————: **Evidence as to Ordinary Earnings Held Admissible.** In an action for injuries, plaintiff's testimony that he ordinarily made about $5 a day and that he lost thirty-two days by reason of the injury was almissible.

Appeal from Jasper Circuit Court.—*Hon. A. W. Thurman,* Special Judge.

AFFIRMED.

*John L. McNatt* and *R. A. Pierson* for appellant.

(1) It is the duty of one on a traveled street in a city to use ordinary care for his own safety, "to use his God given senses." Coming up to and proceeding to cross an intersecting street without looking or so much as thinking of possible cross traffic, is a much negligence on the part of the plaintiff as of the defendant; it is just the very negligence plaintiff is charging defendant with, a plaintiff so guilty of contributory negligence cannot recover; the peremptory instruction should have been given. Clark v. Railway, 127 Mo. 213; Leopard v. Railway Co., 214 S. D. 268; Lowry v. Smith, 198 S. W. 437; 199 Mo. App. 163; Deal v. Snyder, 168 S. W. 272; Zoltovski v. Gzello, 26 L. R. A. (N. S.) 435; Borg v. Supply Co., 19 L. R. A. (N. S.) 160; Popping v. Bourme, 191 S. W. 1032. (2) There must be a proper basis so that the jury may make their estimate—there was no showing of costs, expenses or losses that attended his operations, only his receipts as the test of what he earned. 17 C. J. 795; Pryor v. Railway, 85 Mo. App. 367; Normandie v. City, 206 S. W. 13; Ganz v. Railway, 220 S. W. 496; York v. Everton, 121 Mo. App. 640. (3) The instruction in this form is confusing and misleading, it covertly misses even implying the duty plaintiff owed to use ordinary care to look out for his own safety which the real situation raises, and virtually instructs the jury to find for the plaintiff any how if defendant's car backed into him; it wholly exonerates plaintiff and convicts defendant of a wrong there is no evidence to establish.

Latham v. Harvey, 218 S. W. 401; Boles v. Dunham, 208 S. W. 480; Simms v. Dunham, 203 S. W. 652; Lawbaugh v. Mining Co., 202 S. W. 617. (4) The instruction in this form is misleading. Loss of time and loss of profits or earnings are not to be distinguished as to elements of damage, as does this instruction, but the latter is rather the measure of the former. 17 C. J. 780, 894, sec. 195; Slaughter v. Railroad, 116 Mo. 276; Stoetzle v. Swearingen, 96 Mo. App. 592, 17 C. J. 1066; Edmunds v. Railway, 3 Mo. App. 603; Cleveland etc. R. Co. v. Jenkins (Ill.), 66 Am. St. Rep. 296.

*Kelsey Norman* and *George V. Farris* for respondent.

(1) The authorities cited by appellant under "point 1" of his brief are principally railroad crossing cases and have no application to cases of this kind, where it is the duty of the auto driver on approaching an intersecting street to keep watch for others. Babbitt Motor Vehicle Law (2 Ed.), sec. 1190, 1191; Carradine v. Ford, 195 Mo. App. 684, 187 S. W. 285; Freeman v. Greene, 186 S. W. 1166; Hodges v. Chambers, 171 Mo. App. 563, 154 S. W. 429; Hennesay v. Taylor (Mass.), 76 N. E. 224; Williams v. Kansas City, 177 S. W. 783. (2) The measure of damages in personal injury cases is to be measured by the amount of money which the injured man might reasonably have earned in the same time by the pursuit of his ordinary occupation, and where plaintiff's earnings are not measured by a fixed wage, it is proper to show the business in which he was engaged, and the extent and amount of his ordinary business, or its average profits. 17 C. J. 894, (par. 195); Wood v. Railroad, 119 Mo. App. 78, 95 S. W. 946; Gray v. Boston El. Ry. (Mass.), 102 N. E. 71; Young v. Tilley, 190 S. W. 95; Singer v. Martin, 164 Pac. 1105.

BRADLEY, J.—Plaintiff filed statement in a justice of the peace court to recover damages for injuries to

his hand and wagon alleged to have been caused by a delivery truck being backed against his wagon as he was crossing a street in Joplin. The cause found its way to the circuit court, where plaintiff obtained a judgment for $300. From this judgment defendant appealed.

Defendant filed no written answer, but it appears that the principal and only defense urged is the alleged contributory negligence of plaintiff. Defendant claims that error was committed in refusing its instruction in the nature of a demurrer, the admission of evidence, and the giving of instructions. Plaintiff's evidence shows that he was driving a one horse wagon going east on Broadway in the city of Joplin about 11:30 a. m., July 31, 1920. Broadway intersects Galena street. On the southwest corner of Broadway and Galena is a store which faces north. Defendant's delivery truck facing south was standing on Galena street somewhere south of Broadway, and alongside the store. As plaintiff driving in a walk was crossing the intersection, the driver of the truck, without any warning, backed into plaintiff's wagon. Plaintiff saw the backing truck too late to get out of the way, and he attempted to set his brake, and in doing so his hand was caught and injured, and his wagon also was damaged. It is some six or eight feet from the east side of the store to the roadway of Galena street, and until plaintiff passed the store he could not see to his right on Galena. Plaintiff had driven some twelve or fifteen feet on the intersection before the collision, and was not particularly noticing. "Q. There was nothing to obstruct your view, was there? A. I wasn't thinking about no car backing into me." It was further shown that at the time and place there was no traffic of consequence on either Broadway or Galena Streets. Defendant offered no evidence. It is contended that plaintiff's evidence shows him guilty of such negligence as to defeat recovery. In order for plaintiff's negligence to defeat him such negligence must "enter into and form the direct producing and efficient

cause of the casualty, and absent which the casualty would not have happened." [Howard v. Scarritt Estate, 267 Mo. 398, 184 S. W. 1144.] Unless we can say as a matter of law no reasonably prudent man would have done as plaintiff did, then the question of his negligence was for the jury. [Osborne v. Wells,—Mo. App.—, 211 S. W. 887.] If plaintiff had seen defendant's truck backing upon him, he perhaps could not have escaped. The truck was evidently rather near the intersection, and did not start backing until plaintiff's horse was entering upon the intersection. If plaintiff had seen the truck at the earliest possible moment, and it was not then backing, he would have had no reason to anticipate that he would be in danger of this truck if he drove upon the intersection. The truck was then facing south, and certainly plaintiff would have a right to assume that it would not back up across the intersection without at least giving some warning. After the collision plaintiff says that he examined the horn on the truck and that it "wasn't working." Plaintiff was on the proper side of the street. He was driving slowly. He was remiss only, according to defendant, in failing to see the truck in time to stop or otherwise avoid being struck. Plaintiff testified that if he had seen the truck in time he could and would have jumped out of the way. Defendants calls attention to this evidence in its brief. If plaintiff had "jumped out of the way" the chance of injury would perhaps have been increased. Defendant offered no explanation of its driver's conduct in backing the truck in the manner shown by the evidence, but relied wholly upon the alleged negligence of plaintiff. This question was submitted under an instruction more favorable to defendant than it was entitled, and the jury found for plaintiff on the issue of contributory negligence. There is no case sustaining defendant's contention that plaintiff was guilty of contributory negligence as a matter of law, and we hold that the instruction in the nature of a demurrer was properly refused.

Defendant complains that incompetent evidence was admitted. The evidence complained of concerned a $13 job and a $30 job that plaintiff says he lost by reason of his injury. Defendant's objection was leveled at any evidence which tended to show loss of profits. There is no question here of the loss of profits as profits are ordinarily spoken of. Plaintiff testified that he had both of these jobs contracted for, and price fixed, and that by reason of his injury he was not able to do the work. Plaintiff further testified that he ordinarily made about $5 per day, and that he lost thirty-two days by reason of his injury. In Young v. Tilley,—Mo. App.—180 S. W. 95, it is ruled that the mere fact that damages are based on profits or other elements making the same more or less indefinite and speculative is not ground for denying same, and that the tendency of the case law is to allow such damages when they can be estimated with a reasonable degree of certainty. [See, also, Gildersleeve v. Overstolz, 90 Mo. App. 518; Wilt v. Hammond Bros., 179 Mo. App. 406, 165 S. W. 362.] We find no error in the admission of evidence.

Defendant challenges plaintiff's instructions 1 and 2. We have examined the instructions, and when all are considered together there is no substantial error. The judgment should be affirmed, and it is so ordered. *Cox, P. J.,* and *Farrington, J.,* concur.