CECELIA SLACK, RESPONDENT, v. KANSAS CITY GAS COMPANY, APPELLANT.—120 S. W. (2d) 70.

Kansas City Court of Appeals. May 23, 1938.

*Charles H. Mayer* and *Charles M. Miller* for appellant.

*I. Frank Rope* and *Frank E. Reinhardt* for respondent.

CAMPBELL, C.—Plaintiff brought this suit to recover damages for personal injuries suffered by her when she fell down steps extending from the floor of her house into the basement.

From a judgment for plaintiff in the sum of $1500, the defendant has appealed.

The single assignment of error assails the action of the court in refusing defendant's requested instruction in the nature of a demurrer to the evidence.

In support of the assignment the defendant says (1) there was no proof defendant was negligent and (2) plaintiff was guilty of negligence.

The evidence must be viewed in a light most favorable to plaintiff and she is entitled to the benefit of any evidence introduced by the defendant, provided such evidence is not in contradiction of her own personal testimony or her theory of the case.

The facts show that, in the forenoon of September 9, 1936, Lawrence Blosser, defendant's employee, went into the kitchen of plaintiff's home in Kansas City of the purpose of testing part of defendant's equipment located in the basement of that home. When Blosser entered the kitchen plaintiff, her son and Mrs. Perry were present. In order for Blosser to go into the basement it was necessary for him to descend steps extending from the floor in the pantry of the kitchen into the basement. A trapdoor, when closed, formed a part of the floor of the pantry and concealed the steps. When Blosser entered the kitchen he was shown the trapdoor, how to open it and how to turn on a light in the basement. Thereupon he opened and left open the trapdoor, turned on the light in the basement and de-

scended the steps. In a few minutes thereafter and while Blosser was in the basement, Mrs. Perry and plaintiff's son left the premises and plaintiff was called into another part of her house where she engaged in conversation with a neighbor; while thus engaged Blosser went from the house; presently plaintiff, in the performance of her household duties, attempted to enter the pantry, the door of which was a curtain. The trapdoor was open, in consequence of which she fell down the steps and was severely injured. When plaintiff attempted to go into the pantry the basement light was not on; the pantry was dark and the floor could not be seen without the aid of a light. The trapdoor had not been opened on the day of the accident until Blosser opened it.

From the foregoing the jury could find that Blosser and plaintiff were the only persons in the house when the former went from the basement and the house, and that he turned off the light and left open the trapdoor.

Blosser, for the defendant, testified that when he went into plaintiff's house the trapdoor was open and the light was on.

"Q. Did you ever touch the door in any way? A. I never touched the door in any way.

"Q. Whenever you go into a home like that you leave the conditions as you find them? A. Just exactly like I find them."

The practice and custom of Blosser to leave premises in the same condition in which he found them was not followed in the instant case.

Blosser, according to the evidence favorable to plaintiff, found the trapdoor closed, and according to all of the evidence, left it open. The trapdoor, when closed, was a part of the floor of the pantry and Blosser knew it. Blosser fround the premises safe and left them unsafe for the ordinary use of plaintiff.

Considering the evidence and the reasonable deductions to be drawn therefrom, the jury could find that Blosser, in failing to close the trapdoor, was not exercising due care in the circumstances. The failure to exercise care required by the circumstances is negligence. [Pearson v. Kansas City, 55 S. W. (2d) 485.]

Nor can we say plaintiff was guilty of negligence as a matter of law. There is nothing in the evidence favorable to plaintiff showing she knew or had cause to believe that danger beset her when she attempted to enter her pantry in the usual and ordinary manner. The condition which caused plaintiff to be injured was due to the failure of defendant's employee to leave the pantry in "exactly" the same condition in which he found it. Plaintiff having no cause to believe that danger lurked in her path, cannot, in the circumstances shown, be convicted of contributory negligence as a matter of law. [Dewey v. Kline's, Inc., 86 S. W. (2d) 622; State ex rel. v. Haid et al., 51 S. W. (2d) 1015.]

We have read the cases cited in defendant's brief. In none of them were the facts similar to the facts in the present case.

Of the defendant's evidence it suffices to say it tended to show the trapdoor was open when Blosser entered the kitchen. The verdict shows the jury did not believe that evidence and hence, insofar as this court is concerned, that is the end of it.

The judgment is affirmed. *Sperry, C.,* concurs.

PER CURIAM:—The foregoing opinion of CAMPBELL, C., is adopted as the opinion of the court. The judgment is affirmed. All concur.

### ON MOTION FOR REHEARING.

CAMPBELL, C.—In motion for rehearing the defendant invokes the rule that a state of facts once shown to exist will be presumed to continue until the contrary is shown; and argues that when plaintiff went from the kitchen the trapdoor was open, and that it was her duty when she returned some ten minutes later "to ascertain whether or not the trapdoor was open before she stepped into the pantry, which could easily have been done by turning on the light or feeling with her foot."

The rule invoked does not apply to the facts in the instant case for the reason that while plaintiff was absent from the kitchen there was a change in conditions in one important particular, namely, the light in the basement was turned off. Had that change not been made the open stairway would have been discovered by plaintiff the instant she moved the curtain door and the accident would have been averted. Thus the jury could very well find it was the change in conditions which caused the injury.

The rule governing the determination of the question of the contributory negligence of a plaintiff in an action such as the present action has been stated in various ways.

"Where reasonable minds may differ as to the inferences to be drawn from facts and circumstances tending to prove contributory negligence, the question is one for the jury." [Compton v. Louis Rich Const. Co., 287 S. W. 474, 483.]

In the case of Wilson v. Wells, 13 S. W. (2d) 544, the Supreme Court in discussing the question of the plaintiff's contributory negligence, said:

"Negligence does not become a question of law alone, unless the acts constituting it are of such a character that *all reasonable men* would concur in pronouncing them so. Human conduct is to be judged by human standards." (Italics ours.)

The Supreme Court in the case of Cento v. Security Bldg. Co., 99 S. W. (2d) 1, 7, quoted approvingly from the opinion in the case

of Crawford v. Kansas City Stock Yards Co., 215 Mo. 394, 114 S. W. 1057, as follows:

"As a general rule a man is not required to look for danger when he has no cause to anticipate danger, *or when danger does not exist except it be caused by the negligence of another.*" (Italics ours).

"The rule as to the quantum of contributory negligence which is sufficient to prevent recovery is that it must be such as to enter into and form the direct, producing, and efficient cause of the casualty, and absent which the casualty would not have happened." [Howard v. Scarritt Estate Co., 267 Mo. 398, 184 S. W. 1144; Hires v. Letts Melick Grocery Co., 296 S. W. 408.]

It must be borne in mind the negligence of Blosser in turning off the light and leaving the trapdoor open created a dangerous condition; that had the light been left on or the trapdoor closed that danger would not have existed; that to say it was the duty of plaintiff to ascertain the conditions would be to say she was under duty to act upon the presumption Blosser had been negligent. She had right to believe and act upon the belief that Blosser had not been guilty of a positive wrong.

The defendant cites the following cases: Mullen v. Sensenbrenner Merc. Co., 260 S. W. 982; Main v. Lehman, 294 Mo. 579, 243 S. W. 91; Swanson v. Schoenhofen Brewing Co., 215 Ill. App. 185.

In the Mullen case the plaintiff fell on the entrance of the defendant's store building and was injured. She was denied recovery for the reasons (1) that there was no evidence the defendant was negligent and (2) she was "fully notified of the condition" of the entrance before she went upon it.

In the present case the plaintiff was not fully notified of the condition; on the contrary the defendant's employee by turning off the light concealed the dangerous condition.

In the Main case the plaintiff fell and was injured while descending a step in defendant's store. She was held guilty of contributory negligence because she had "ample notice of the step and its location and the whole situation just a moment before the injury."

In the case at bar the true condition was concealed by turning off the light; when the trapdoor was closed the floor was dark, and the stairway was dark when the light in the basement was not on.

The Swanson case was an action to recover for the death of a bartender.

Decedent suffered injuries which caused his death by falling through an open trapdoor in a darkened room into which he walked "without turning on the electric light, and in assuming, as he must have done, that the trapdoor was closed, not open, and that he could safely walk upon it." Judgment for the plaintiff was reversed on two grounds: (1) "Plaintiff did not prove *by a preponderance of the evidence* that defendant's employees or either of them left the

trapdoor open;" and (2) . "the *whole .evidence considered*, the accident to deceased resulted from his entire lack of ordinary care for his own·safety." ·(Italics ours.)

·It will be noted the question of negligence was determined as one of fact. The judgment was reversed "with finding of facts." in which the court said:

"The court finds as ultimate facts that defendant was not guilty of any negligence· charged against it in.plaintiff's declaration, and further that plaintiff's intestate suffered the· accident set out in the declaration as a result of his own negligent conduct."

In actions at law the Missouri rule denies to appellate courts the power· to· determine whether any litigant proved an issue of fact by a "preponderance of the evidence," or·to consider the "whole evidence" in determining any question of fact,.the rule· being that .the trier òf the fact in the trial court passes upon.all questions of fact. If there be evidence tending to prove a fact the value thereof is for the trier of the. fact in the .trial court and the finding thereon is conclusive on appeal. Therefore the statements and rulings in :the Swanson case are of little or no 'value in determining the instant controversy.

. Applying the rule announced by Supreme Court in the cases cited herein to the facts of the instant case, we hold we cannot say plaintiff was guilty of contributory negligence as a matter of.law. ·

· The motion for rehearing is overruled. ·*Sperry, C.,* concurs.

PER CURIAM:—The foregoing.opinion.of CAMPBELL, C., is adopted as the opinion of the court. The motion for rehearing. is overruled. All concur.