RAYMOND, APPELLEE, *v.* HAUGHT ET AL., APPELLANTS.

(No. 2398—Decided December 21, 1956.)

*Messrs. Sharts, Singer & Brown,* for appellee.
*Mr. Benjamin Horn,* for appellant William D. Haught.
*Messrs. Altick & McDaniel,* for appellant Charles DePew.

WISEMAN, J. This is an appeal on questions of law from a judgment of the Common Pleas Court of Montgomery County entered on a verdict returned in favor of the plaintiff against both defendants in the sum of $27,500. Plaintiff sued to recover damages for personal injuries arising out of the collision of the automobiles of the two defendants.

In his second amended petition plaintiff alleged:

"Plaintiff, Ralph Raymond, says that Dryden Road is a duly dedicated public thoroughfare running in a generally north and south direction in Montgomery County, Ohio, south of the city of Dayton, Ohio. * * *

"On said date at about 11:45 p. m. plaintiff was standing by his said motorcycle at a point off the hard surface on the west side of said Dryden Road. * * * It was then the night season and both the headlight and tail light on plaintiff's said motorcycle were then and there functioning throwing out light. Defendant, William D. Haught, was operating a Ford automobile in a southerly direction on said Dryden Road behind a Chevrolet automobile being operated in a southerly direction on said Dryden Road by defendant, Charles De Pew. Defendant Haught negligently, as hereinafter set forth, operated his said automobile so that it collided with the automobile being operated by defendant De Pew. Defendant De Pew negligently, as hereinafter set forth, operated his said automobile, before, at the time of, and after said collision, so that it struck plaintiff and his said motorcycle. * * *

"Said injuries and damages to plaintiff were caused solely and proximately by the combined and concurrent negligence of defendants in this, to wit:

"1. Defendant William D. Haught operated said Ford automobile at a greater rate of speed than was reasonable and proper, to wit: approximately 70 miles per hour.

"2. Defendant Charles De Pew operated said Chevrolet au-

tomobile at a greater rate of speed than was reasonable and proper, to wit: approximately 65 miles per hour.

"3. Defendants, William D. Haught and Charles De Pew, failed to maintain a lookout ahead.

"4. Defendants, William D. Haught and Charles De Pew, failed to stop their said automobiles or divert the course thereof so as to avoid striking plaintiff."

At the close of all the evidence plaintiff moved to amend his petition to conform to the evidence by inserting an additional charge of negligence against De Pew. The court permitted the amendment. At the close of the trial a third amended petition was filed in identical language with the second amended petition, containing the addition of a fifth specification of negligence against De Pew, to conform to the amendment at bar, as follows: "Defendant, Charles De Pew, did drive to the east side of the center line of Dryden Road immediately prior to the time of the collision."

In his answer defendant Haught admitted the collision, but denied any negligence on his part and alleged that the collision and injuries suffered by plaintiff were due to the negligence of the defendant De Pew.

In his answer defendant De Pew charged negligent operation against the defendant Haught and denied every charge of negligence against him as alleged by the plaintiff.

There was evidence presented of a substantial character supporting the allegations in plaintiff's second amended petition as amended at bar.

Appellant Haught assigns as error the overruling of the demurrer to plaintiff's first amended petition; the overruling of the motion for judgment on the special findings of the jury; that the judgment is contrary to law; that the verdict is contrary to law and the evidence; and that the verdict and judgment are not sustained by sufficient evidence.

We find no error in the action of the court overruling Haught's demurrer to the first amended petition. The matter was submitted to the court on the plaintiff's second amended petition.

The claim of Haught, supported by the evidence, is that at the time he signaled De Pew that he intended to overtake

him, he, De Pew, without any warning, changed the course of his automobile by turning to the left several feet and driving across and to the left of the center line of the road and in front of the automobile operated by Haught. Haught claims that on the basis of the answers to the special interrogatories submitted by appellant De Pew he, Haught, is absolved of all negligence. The legal effect of the answers is that De Pew was guilty of negligence which *contributed* to the proximate cause of plaintiff's injuries by (1) not observing the road in the rear, and (2) by not "yielding the right of the highway." Haught did not test the general verdict by submitting special interrogatories. In an action where the plaintiff charges combined and concurrent negligence against two defendants, the fact that the jury returned special findings to the effect that one defendant was guilty of negligence *contributing* to the proximate cause of the collision is not inconsistent with a general verdict against the other defendant. Haught claims that his negligence, if any, was too remote to be a direct or proximate cause. Upon consideration of all the evidence, we disagree.

After an examination of the entire record, which discloses evidence of a substantial character in support of plaintiff's claim, we can not find that the verdict or judgment against Haught is contrary to law or is not supported by sufficient evidence.

Appellant De Pew assigns as error: error in the general charge; error in the overruling of the motion for judgment on the special findings of the jury; and error in that the judgment is not sustained by sufficient evidence and is contrary to law.

De Pew claims that the court erred in its general charge by stating that the plaintiff claimed De Pew violated Section 4511.27, Revised Code, and that a violation of this section was negligence per se. That section provides:

"The following rules govern the overtaking and passing of vehicles or trackless trolleys proceeding in the same direction:

"(A) The operator of a vehicle or trackless trolley overtaking another vehicle or trackless trolley proceeding in the same direction shall signal to the vehicle or trackless trolley to be overtaken, shall pass to the left thereof at a safe distance,

and shall not again drive to the right side of the roadway until safely clear of the overtaken vehicle or trackless trolley.

"(B) Except when overtaking and passing on the right is permitted, the operator of an overtaken vehicle shall give way to the right in favor of the overtaking vehicle at the latter's audible signal, and he shall not increase the speed of his vehicle until completely passed by the overtaking vehicle."

The court in its general charge said:

"Plaintiff claims that the defendant, Haught, in attempting to pass defendant, De Pew, and that the defendant, De Pew, while defendant, Haught, was overtaking and attempting to pass him, violated various provisions of Section 4511.27, Ohio Revised Code, which, so far as applicable to this case, reads as follows: * * *."

After quoting the applicable portions of the section, the court continued:

"The defendant, Haught, contends that he did give an audible and a visible signal by sounding his horn and flickering his lights, but that the defendant, De Pew, did not give way to the right in favor of the defendant, Haught, but instead, swerved partially into the left or east lane and in front of the defendant, Haught. This the defendant, De Pew, denies.

"Failure of the overtaking driver to signal would be negligence per se, that is, negligence in and of itself. If an audible signal were given by the overtaking vehicle as provided by the statute, failure of the overtaken driver to give way to the right would be negligence per se, or negligence in and of itself."

De Pew claims that a violation of that section was not alleged as a specification of negligence in the petition, i. e., plaintiff did not allege that De Pew failed to give way to the right, but, on the contrary, alleged that De Pew turned to the left as Haught was passing. The rules of good pleading require the plaintiff to allege facts which, if true, were a violation of Section 4511.27, Revised Code. He was not required to do more. The same negligent act may be a violation of more than one section of the Code. In alleging that De Pew drove to the east side of the center line of the road immediately prior to the time of the collision, plaintiff alleged a fact which constituted a vio-

lation of that section. An allegation that De Pew turned to the left at a time when he was required to "give way to the right," supported by the evidence, required the application of that section and a charge with respect thereto. A violation of that section constitutes negligence per se. Under Section 4511.27, Revised Code, the failure to "give way to the right," is a failure to perform a specific act as opposed to a violation of a rule of conduct, as laid down in *Eisenhuth* v. *Moneyhon,* 161 Ohio St., 367, 119 N. E. (2d), 440, and cases therein cited, and constitutes an act of negligence per se. See 29 Ohio Jurisprudence, 427, 430, Section 38.

The appellant De Pew contends that the court erred in overruling his motion for judgment upon the special findings of the jury, on the ground that the special findings were inconsistent with the general verdict. The two special interrogatories submitted by De Pew, and the answers, are as follows:

"Special Interrogatory No. 1: Was the defendant Charles De Pew negligent in any respect directly and proximately causing or contributing to cause plaintiff's injuries? Answer: Yes."

"Special Interrogatory No. 2: If your answer to Special Interrogatory No. 1 is 'No,' you need not answer this interrogatory. If your answer to Special Interrogatory No. 1 is 'Yes' you must answer this interrogatory. Of what did the negligence of Charles De Pew consist? Answer: 1. Not observing the road in the rear. 2 Not yielding the right of the highway."

De Pew contends that the first answer to special interrogatory No. 2 does not respond to any allegation of negligence in the second amended petition. The third specification of negligence is that both Haught and De Pew failed to maintain a lookout "ahead." After verdict, but before judgment, plaintiff moved to amend his second amended petition by deleting from the third specification of negligence the word "ahead." Upon the motion being granted, the third specification of negligence charged both defendants with the failure to maintain a lookout, which included a lookout to the rear as well as ahead. The amendment was made to conform to the proof. Appellant De Pew does not predicate error on the action of the court amending the second amended petition to conform to the proof.

De Pew contends that in testing a general verdict by the answers to interrogatories we may not consider the evidence. We accept this as a true statement of the law. 39 Ohio Jurisprudence, 1180, Section 443. But in the instant case, we first look to the evidence to determine whether the amendment conformed to the proof. There was proof of sufficient probative value to permit the amendment. The amendment being made, the second amended petition stands as if originally written in the amended form. Thus we look to the evidence, not for the purpose of determining whether the special findings were inconsistent with the general verdict, but to determine whether the amendment conformed to the proof.

The question then presented is whether the amendment worked to the prejudice of appellant, De Pew. The ruling of the trial court on motion for leave to amend will not be held erroneous unless it is affirmatively shown that the trial court abused its discretion. If the discretion of the trial court with respect to amendment of pleadings has been abused to the prejudice of the complaining party a reviewing court should correct the error. Under Section 2309.58, Revised Code, the court may amend pleadings after a verdict by conforming the pleadings to the proof, provided the amendment does not substantially change the claim or defense. See 31 Ohio Jurisprudence, 954, Section 347. In the instant case, the amendment conformed to the proof, and it does not appear that the amendment substantially changed the plaintiff's cause of action. But the overriding question is whether the action of the court was erroneous, in view of the specification of negligence submitted to the jury, the charge of the court, and the first answer to special interrogatory No. 2. When the case was submitted to the jury the third specification of negligence charged defendant De Pew with the failure to maintain a lookout "ahead." The court so charged the jury. There was no charge with respect to the duty of De Pew to maintain a lookout to the rear. Up until the case was submitted to the jury no attempt was made to charge De Pew with failing to maintain a lookout to his rear. De Pew claims that an amendment subsequent to the verdict should not be made to conform to special findings and that the general verdict should not be tested by the petition

after amendment, and to do so is prejudicial to him. Certainly, there could be no valid objection to amending the petition after verdict to conform to the evidence, if no other question was involved. But in the instant case, De Pew had no reason to defend a charge of negligence that he had failed to maintain a lookout to his rear. The court did not submit this issue to the jury. To permit the amendment would work to the prejudice of De Pew. Trial courts exercise a broad discretion in granting amendments to pleadings; however, this discretion must be exercised with great caution after verdict, and especially as in the case at bar where the answer to an interrogatory bears specificially on the amendment. Greater caution must be exercised now than prior to the amendment of Section 2315.16, Revised Code (126 Ohio Laws, 62, effective October 4, 1955). Prior to the amendment this section permitted special findings "upon particular questions of fact," which is the applicable provision in the instant case. Now the special findings appear to be limited to "particular material allegations contained in the pleadings controverted by an adverse party."

In *Huron Dock Co.* v. *Swart, Admx., et al., Rcrs.*, 2 C. C. (N. S.), 457, 14 C. D., 504 (affirmed in 69 Ohio St., 574, 70 N. E., 1132), the fourth paragraph of the syllabus reads as follows:

"To permit, after the verdict has been returned, an amendment to the petition, which presents facts and issues not submitted to the jury or referred to in the charge of the court is error."

On page 476 the court said:

"With respect to the dock company, in answer to the sixteenth question, the jury say that it was guilty of negligence in not having a light on the front end of the car. It will be observed that that had not been charged as a ground of negligence against the defendant, the dock company. But after this verdict came in, the plaintiff below asked and was granted leave to amend his petition so as to set this up as a ground of negligence against the dock company, ostensibly to make the pleadings conform to the evidence. Nothing of that character was submitted to the jury or referred to in the charge, and we are of opinion that to permit such an amendment after the ver-

dict, under the circumstances, was an abuse of discretion. It gave the defendants no opportunity to defend against the charge by showing, as it might have done, that such lack of light was not a proximate cause of the injury."

The language used by the court in the above cited case has application here; and we arrive at a similar conclusion, that to permit the amendment was an abuse of discretion. The verdict must be tested by the pleadings as they were submitted to the jury before amendment. The answer to the interrogatory was not responsive to any specification of negligence alleged. The case of *Wicker* v. *Messinger,* 22 C. C., 712, 12 C. D., 425, is distinguishable.

If answer No. 1 had been the full answer of the jury, a judgment for De Pew on the special findings would have been in order. But the jury answered special interrogatory No. 2 by charging De Pew with the act of negligence in "not yielding the right of the highway." That answer is consistent and not irreconcilable with the fifth specification of negligence, in that De Pew drove to the east side of the center line of the road. We have already discussed this charge of negligence in relation to the statutory duty of an overtaken automobile to give way to the right. Further discussion here is unnecessary. We do not find the special findings to be so inconsistent with the general verdict that it should not be permitted to stand. In order for special findings to be inconsistent with the general verdict, it must appear that the findings are irreconcilable with the general verdict and the conflict must be clear. Special findings override the general verdict only when both can not stand, and when the special findings can not by any hypothesis be reconciled with the general verdict. 39 Ohio Jurisprudence, 1178, Section 442.

The fourth assignment of error, that the judgment is contrary to law, is disposed of by the conclusion which the court must reach, that the general verdict will stand, if either of the two answers given by the jury to special interrogatory No. 2 is consistent with the general verdict. But De Pew claims that the signal given by Haught of his intention to pass the De Pew automobile must be heard by De Pew; otherwise he is not charged with the duty to comply with Section 4511.27, Revised

Code, to "give way to the right." Haught testified that he sounded his horn twice and flickered his lights twice before attempting to pass; De Pew testified that he did not hear the horn. Haught contends that the words "audible signal" as used in Section 4511.27 must be construed to mean a signal which he heard. The case of *Swinkels* v. *Wisconsin Michigan Power Co.*, 221 Wis., 280, 267 N. W., 1, supports this view. See, also, *Tytus* v. *Smith*, 22 Ohio Law Abs., 520, 526. We do not consider this a sound principle of law. The evidence on this question is both positive and negative, defendant Haught giving positive testimony, and defendant De Pew negative testimony. In light of the conflict on this point of fact, the jury was presented with the question as to whom to believe. Apparently the jury believed the testimony of Haught, that a signal had been given. To hold that the above mentioned section has no application simply because De Pew testified that he did not hear a signal would render the statute nugatory. "Audible signal," as used in Section 4511.27, Revised Code, means an adequate signal; a signal capable of being heard; a signal which is heard, or in the exercise of ordinary care should have been heard.

In our opinion there is evidence of sufficient probative value to support the verdict. We find no error assigned by either Haught or De Pew well made. After a careful examination of the entire record we are of the opinion that the issues were fairly tried and that substantial justice has been done.

There being no error in the record prejudicial to the rights of the appellants, the judgment is affirmed.

*Judgment affirmed.*

HORNBECK and CONN, JJ., concur.

CONN, J., of the Sixth Appellate District, sitting by designation in the Second Appellate District.