CLARK *v.* STERRETT.

[No. 20,230. Filed November 4, 1966. Rehearing denied December 5, 1966. Transfer denied July 20, 1967.]

*Howard J. DeTrude, Jr., Frederick J. Frosch* and *Armstrong, Gause, Hudson & Kightlinger,* all of Indianapolis, and *H. Harold Soshnick,* of Shelbyville, all for appellant.

*Arthur L. Payne,* of Indianapolis, *Donald L. Brunner* and *Brunner, Brown & Brunner,* both of Shelbyville, all for appellee.

PRIME, J.—This is an action arising out of personal injuries and property damage occasioned by a collision between an automobile being driven by appellee Sterrett, plaintiff below, and a fire engine driven by appellant Clark, defendant below. Appellant was employed by the City of Greenfield as a fireman and one of his duties was to drive the engine. Appellant was proceeding south on Indiana State Highway 9 in response to a fire call; appellee was travelling west on U.S. Highway 40. Appellee, having the green light, drove into the inter-

section, whereupon the fire engine struck the side of his car, with the resultant injuries. A jury verdict for $10,750.00 was returned and judgment was entered in accordance with the verdict in that amount.

Appellant's sole assignment of error is the trial court's overruling of his motion for new trial. The essence of appellant's argument is: that appellee was contributorily negligent as a matter of law; that appellant had an absolute right to proceed through the red light, or at least exercised reasonable care under the circumstances, and thus was not negligent; and that the jury was improperly instructed that it could determine the emergency nature, if any, of the run.

Appellant first argues that appellee was contributorily negligent as a matter of law in not hearing the siren and seeing the flashing red light on the engine. A positive finding on this issue turns on the existence of an absolute affirmative duty to see and hear fire engine warning devices, or, stated another way, constructive knowledge of the devices' operation. If such duty or knowledge exists as a matter of law, it must be absolute; that is, no circumstance or extraordinary event could alter it. A holding to this effect would contravene the literal meaning of the statutory duty imposed in Burns' § 47-2030, wherein is stated,

> "Upon the immediate approach of an authorized emergency vehicle, when the driver is giving *audible signal* by siren, exhaust whistle, or bell, the driver of every other vehicle shall yield the right of way and shall immediately drive to a position parallel to, and as close as possible to the right-hand edge or curb of the highway clear of any intersection, and shall stop and remain in such position until the authorized emergency vehicle has passed, except when otherwise directed by a police officer." (our emphasis)

The key word is audible. We think a fair definition of "audible signal" was given by the Court of Appeals of Ohio, Montgomery County in *Raymond* v. *Haught*, 143 N. E. 2d 731:

" 'Audible signal' . . . means an adequate signal; a signal capable of being heard; a signal which is heard, or in the exercise of ordinary care should have been heard."

Accepting this definition, as we do, the jury was entitled to consider whether Sterrett heard, or in exercise of due care should have heard the siren, and was thus properly instructed that there was no absolute affirmative duty on the part of the appellee to hear the siren. The jury heard some witnesses to the collision testify that they in fact heard the siren, and others that they did not. The oft-repeated phrase that a reviewing court will not weigh conflicting evidence is particularly applicable here.

Another fact question raised by the appellant on appeal is his exercise of due care in proceeding through the red light. The pertinent statute is Burns' § 47-1825 (b) containing the following language:

"The driver of any authorized emergency vehicle when responding to an emergency call upon approaching a red or stop signal or any stop sign shall slow down as necessary for safety but may proceed cautiously past such red or stop sign or signal. At other times, drivers of authorized emergency vehicles shall stop in obedience to a stop sign or signal."

The intent of the statute is protection of life and property, and is served by extending a privilege with one hand, and tempering it with the other. Presumably it is in the best interests of society that emergency vehicles be granted extraordinary right-of-way privileges, but our legislature saw fit to insert a provision that extraordinary care be taken by the drivers of such vehicles that life and property would not be endangered by the very privileges granted for their protection. The jury could reasonably have found that appellant Clark did not "slow down as necessary for safety," or did not "proceed cautiously past such red or stop sign or signal." Indeed, such a finding would be tantamount to a positive determination of negligent acts of omission by the appellant.

Appellant's contention that the jury was improperly instructed by the giving of Instructions 7, 12 and 16, by the Court, on the issue of determining whether or not the call was an emergency, is without merit. As set out above, the operator of an emergency vehicle does not have an unqualified right to disregard stop lights. If the run were an emergency, Clark would still be held to a reasonable standard of care under the circumstances. If the run were not an emergency, the appellant would be held to at least the same standard of care. As we have noted above, the jury could properly find that Clark did not exercise reasonable care under emergency conditions, so the error, if any, is harmless. In any event, the error, if any, was invited by appellant's tendered Instruction #33, given by the court as its Instruction #53.

Having found no reversible error, we hereby affirm the judgment as rendered below.

Carson, Faulconer, JJ., and Wickens, P.J., concur.

NOTE.—Reported in 220 N. E. 2d 779.